## REED v. HUDSON.

1. A marriage had in Alabama, is not necessarily void, because the parties had been previously married, and divorced in the State of Georgia. Whether a prohibition in the sentence of divorce against the parties, or either of them marrying again, made in the State of Georgia, would render invalid a subsequent marriage of the same parties in Alabama, *quere.*
2. To render a marriage in Alabama invalid, it is necessary to show those facts, the existence of which deny to the parties the right, or capacity to intermarry, by the law of this State.

Error to the Circuit Court of Chambers. Before the Hon. G. Goldthwaite.

THE plaintiff below declared in assumpsit against the plaintiff in error. She pleaded coverture. On the trial a bill of exceptions was taken, the language of which is as follows: It was in evidence that the defendant and Benjamin G. Reed intermarried in the State of Georgia, and were there divorced; the defendant obtaining the divorce; and that afterwards they intermarried in the State of Alabama, which last marriage, if valid in law, remains in full force, and since which last marriage the note sued on was executed.

The court charged the jury that the second marriage in Alabama was null and void, under the statutes of this State. This charge is here assigned for error.

ALLISON, for the plaintiff in error.

Reed v. Hudson.

The first point in this case is, to determine the nature of this divorce, and in doing this, no statute law of Georgia on divorces being pleaded, this court, in accordance with previous decisions, will determine this cause according to the laws of England, which is presumed to prevail in that State; and by the laws of England, two kinds of divorces are permitted, *a vinculo* and *a mensa et thoro*; the first is for some canonical cause, that existed at the time of the marriage, and made it unlawful for the parties to contract marriage; both are equally guilty of a violation of law; both may contract marriage, and both may marry again, and strictly speaking, it cannot be said to be a divorce from the bonds of matrimony, because a divorce supposes a valid marriage; it is but declaring the unlawfulness of the marriage, the incapacity of the parties to marry. 1 Bl. Com. 353-4; Shelford on Mar. & Div. 192-3; Head v. Head, 2 Kelly's Rep. 191.

The second kind is of a very different nature from the first, it is permitted when the marriage was just and lawful, but for some cause after the marriage, the parties may be separated, for a definite, or indefinite time, and the relation of husband and wife still subsists between the parties, and the law contemplates a reconciliation of the parties. 1 Bl. Com. 354; Shel. on Mar. & Div. 192-3.

Now I assume the position, that this divorce is of the second kind, because the proof shows, that divorce was granted to the plaintiff in error; and secondly, because by the rules of law, it cannot be construed into a divorce of the first kind.

1. When the record discloses that the proof was, that a divorce was granted, in another State, and no statute law of that State being pleaded, showing the nature of divorces in that State, the legal construction of such a divorce is, that it is *a mensa et thoro*, and the parties have the right to cohabit together again, or may intermarry a second time. 1 Bl. Com. 353-4; Shel. on Mar. & Div. 192-3; Head v. Head, 2 Kelly's Rep. 191.

2. The facts show that this was a divorce *a mensa et thoro*, and that the parties had a right to cohabit together again, or to intermarry a second time. 1 Bl. Com. 354; Shel. on Mar. & Div. 192-3.

There is no statute in this State prohibiting persons divorced in another State from intermarrying in the State of Alabama, and the court erred in the charge to the jury, and if they do intermarry, there is no statute of Alabama declaring the marriage null and void.

RICHARDS, contra.

DARGAN, J.—The validity of the contract of marriage, depends on the law of the place where it is celebrated, and when a marriage is shown to exist, the law presumes it a valid contract until the contrary is shown.

The fact, that the plaintiff below showed that the defendant and Benj. G. Reed had been married in the State of Georgia, and had been divorced in that State from each other, before their intermarriage in Alabama, without further proof, was entirely insufficient to show that their marriage in Alabama was illegal. What the cause of divorce was, does not appear, nor the legal consequences that attached to the sentence of divorce in the State of Georgia. The rule is settled, we think, that where a divorce is granted in one country, and the offending party is prohibited by the law of the country pronouncing the divorce, from marrying again, that if he, or she, remove to another country, where this disability does not exist, and there marries, such marriage is not unlawful. See Story's Confl. of Laws, 87, § 89; 8 Pickering, 433; Putnam v. Putnam, 1 Pick. 596; Kent's Com. 91-2.

To render the marriage in Alabama invalid, therefore, it would be necessary to show those facts, the existence of which deny to the parties the right or capacity to intermarry by the laws of Alabama; and the simple circumstance, that a foreign jurisdiction has divorced this defendant and Reed, who had intermarried in Georgia previous to their marriage here, shows no legal impediment to their intermarrying again in this State. We intend however to confine our opinion to the precise point made by the bill of exceptions, and not to

anticipate the questions that by possibility may arise hereafter.

The court clearly erred in the charge given, and the cause is reversed and remanded.