# Clark *v.* Tunstall.

*Assumpsit.*

(Decided January 23, 1913.  60 South. 847.)

1. *Judgment; Voluntary Non-Suit; Res Judicata.*—A voluntary non-suit is not res adjudicate so as to bar another action.

2. *Same; Conclusiveness; Warranty of Title.*—Where a grantee under a deed containing warranty of title becomes involved in litigation with an adverse claimant he may in effect make the grantor a party to the suit by a notice to the grantor of the same and request to appear and defend the title, and if the grantor does not appear and final judgment on the merits is rendered against the grantee, such judgment becomes conclusive evidence against the grantor in a suit against him by the grantee on the covenants of warranty, but a judgment of voluntary non-suit does not bind the grantor.

3. *Taxation; Tax Title.*—One claiming under a tax sale must show an assessment and a legal sale after default in payment, together with a proper decree of sale.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by Robert A. Tunstall against Louis V. Clark for breach of covenant of warranty. Judgment for plaintiff and defendant appeals. Reversed and remanded.

WHITAKER & NESBITT and PHARES COLEMAN, for appellant. The burden was upon plaintiff to prove an eviction, either actual or constructive, under a lawful and paramount title.—1 Cyc. 1125; 26 S. W. 1048; 15 S. E. 10; 63 Md. 129. A covenant against encumbrances is broken, if at all, at the time of the execution of the conveyance.—*Copeland v. McAdory*, 100 Ala. 553; *Thomas v. Church*, 86 Ala. 138.

GEORGE E. BUSH, for appellee. The judgment rendered in this case was a final judgment.—3 Ala. App. 529; 8 A. & E. Ency. of Law, 206. There was no dispute about notice to Mr. Clark to come in and defend the suit.

DE GRAFFENRIED, J.—This suit was brought by Robert A. Tunstall against Louis V. Clark. In the complaint, the plaintiff claimed damages of the defendant because of an alleged breach of a covenant of warranty contained in a deed made by the defendant to the plaintiff on July 21, 1901. The deed conveyed "lot 4 in block 1-D, according to the plan and survey of the Walker Land Company's survey of East Woodlawn in Jefferson county, Alabama."

We copy the following from the complaint as significant: "And plaintiff avers that, as a part of said deed of conveyance, the said defendant covenanted and warranted that said lot was free from any and all in-

cumbrances and adverse claims; and he would warrant
and defend the same to the said plaintiff, his heirs
and assigns, forever. And plaintiff avers that said lot
was at that time incumbranced by a lien for taxes in
favor of the state of Alabama, and was sold by said
state without notice to the plaintiff, and was purchased
by one Julia A. Davis, who is now in possession of the
same and holding adversely to the plaintiff. And plain-
tiff avers that he has brought a suit in ejectment
against the said R. L. Leatherwood for the recovery of
the possession of the said lot, and duly notified the de-
fendant to come in and defend the same and make good
his covenant of warranty; but that the said defendant
neglected so to do, and said suit was decided adversely
to plaintiff, whereby he suffered the damages complain-
ed of."

1. The "damages complained of," says the above com-
plaint, are the damages which the plaintiff suffered be-
cause he brought a suit against R. L. Leatherwood for
the lot described in the complaint and lost the suit.
Leatherwood is not shown in the complaint to have had
any connection whatever with the alleged tax title of
Julia A. Davis; nor is it alleged that he acquired pos-
session of the land through her. The plaintiff testified
that, when the defendant executed the above convey-
ance to him, the lot was vacant and was in the actual
possession of no one, and that this condition continued
up to some time in the year 1908 or 1909, "when plain-
tiff discovered that one R. L. Leatherwood had taken
possession of said lot, claiming it under a tax sale, and
had built a shack on same and fenced same in, and that
plaintiff had paid taxes on said lot from the fall of
1901; said taxes amounting to $10.80."

When Leatehrwood made the alleged purchase at a
tax sale, or under what alleged tax sale Leatherwood

made his claim, the evidence does not show. While the plaintiff testified that he paid taxes on the lot regularly from 1901 up to the day of the trial, he does not testify, and no evidence was introduced, tending to show when or for what taxes the lands were sold; and it may be that by some error the lands were sold for taxes long after the plaintiff bought them, and that Leatherwood bought them at such sale, or it may be that Leatherwood's claim was entirely simulated.

A voluntary nonsuit is res judicata of nothing. It finally disposes of a case; but it finally settles no issue in a case. The plaintiff took a voluntary nonsuit in his action of ejectment against Leatherwood, and he utterly failed to sustain, by his evidence, the allegations of his complaint in so far as the Leatherwood section of it is concerned.

It may be stated, as a general proposition, that when a grantor conveys land to his grantee by a deed containing covenants of warranty as to title and as to adverse claims, and the grantee becomes involved in litigation with an adverse claimant claiming by title or claim superior or adverse to that of such grantor, then if such grantee gives notice to such grantor of such litigation, and calls upon him to appear in the cause and make good his title, such grantor becomes, in fact, a party of such litigation. If the grantor fails to appear, then if the adverse claim is actually litigated in good faith by the grantee, and a final judgment on the merits is rendered against such grantee, the judgment so rendered is binding upon the grantor, and is conclusive evidence against him in a suit brought against him by his grantee on the covenants of warranty in the deed. There must, however, be a judgment on the merits, as a voluntary nonsuit settles no issue. The plaintiff who

[Clark v. Tunstall.]

takes a voluntary nonsuit may at once bring another suit against the defendant in such a case, and may, in the new suit, actually litigate upon their merits all issues triable in the case in which the nonsuit was taken.

2. The complaint, as we have already pointed out, claims damages because of the alleged purchase of Leatherwood and the subsequent alleged adverse termination of the suit in ejectment against Leatherwood. No damages are claimed in the complaint on account of the alleged purchase at a tax sale of Julia A. Davis. Had the plaintiff claimed damages on this latter account he could not have prevailed in the present suit for two substantial reasons: First, he utterly failed to show that Julia A. Davis was in possession of the land, or that she was holding it or claiming it adversely to the plaintiff; second, he failed to show, by legal and proper evidence, that the land was ever sold for taxes.

There can be no such thing as a sale of lands for taxes, unless there is an assessment of the same for taxes, a proper and legal proceeding looking to their sale after default has been made in the payment of the taxes, a proper decree of sale of the property, and a sale regularly had. When one claims through a tax sale, the law casts upon him the burden of showing that the above conditions were complied with. The law provides the machinery by which such a sale can be obtained, and also the appropriate records whereby the various steps necessary to effect such a sale can be shown.

The book which was introduced in evidence by the plaintiff was not effectual to show that the lands had ever been assessed for taxes, or that a sale to satisfy a valid lien in favor of the state for taxes was ever had. —*Driggers v. Cassady,* 71 Ala. 529. The plaintiff in this case, taking it in either of its aspects, failed in his

proof. The judgment of the court below is therefore reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., Concur.