(137 So. 395)

## HILL v. LINDSEY.
### 6 Div. 862.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

P. A. Nash, of Oneonta, for appellant.

.J. T. Johnson, of Oneonta, for appellee.

GARDNER, J.

Appellee, claiming to be the widow of Jim Lindsey, deceased, whose estate was in the course of administration in the probate court, secured an order of removal thereof into a court of equity. The pleading in the equity court filed by the administrator challenged the claim that appellee was such widow, presented an issue of fact thereon, and prayed for a jury to hear the same, which was granted; the trial resulting in a verdict against appellee's claim. The chancellor, however, who also presided and instructed the jury upon the above-noted issue of fact, contrary to the jury's verdict, entertained the view that appellee was in fact the widow, and entered decrees so adjudging and declined to retransfer the administration to the probate court, ordered an appraisal of the estate and that appellee be awarded exemptions allowed by law.

These rulings were such as to meet the test of finality of a decree to support an appeal under McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917, and Smith v. Goldsmith (Ala. Sup.) 134 So. 651,[1] and the case is readily distinguishable from that of Carter v. Hutchens, 221 Ala. 370, 129 So. 8, cited by appellee. The motion to dismiss the appeal is denied.

Appellant insists the verdict of the jury was binding upon the chancellor, but this is only true in equity in those cases where a jury may be demanded as a matter of right. Karter v. East, 220 Ala. 511, 125 So. 655; Marshall v. Croom, 60 Ala. 121; section 6631, Code 1923.

In the instant case there is no statute granting a jury trial as matter of right, and such a trial rested in the sound discretion of the chancellor. The verdict was therefore not binding upon the court, but advisory merely. Marshall v. Croom, supra; 24 Cyc. 111.

Coming to a consideration of the evidence, we think it amply supports the chancellor's conclusion. It is without dispute there was a ceremonial marriage, a minister officiating under license duly issued, followed by cohabitation as man and wife for nearly a year. This marriage was presumptively valid, and the burden of proof to the contrary rested upon the administrator who questions it. Walker v. Walker, 218 Ala. 16, 117 So. 472; Fuquay v. State, 217 Ala. 4, 114 So. 898.

The husband had made a deed to his land to the wife, and we gather vaguely from the

[1] Ante, p. 155.

record that litigation with his children by a former marriage followed on that account, and that in the course of the litigation it developed the validity of their marriage was assailed upon the ground that Belle Lindsey, the wife, had not, at the time of the marriage, obtained leave of the court to again contract marriage; the divorce decree in favor of her former husband, one Williams, being silent in this regard. Smith v. Goldsmith, supra, and authorities therein cited. It appears, however, undisputedly, that upon such discovery, Jim Lindsey, the husband, employed counsel and secured a decree granting to Belle Lindsey the right to remarry. This decree bears date March 9, 1929, and on May 8, 1929, the wife reconveyed to the husband the land he had previously deeded to her.

■ The conflict in the proof relates to the question of cohabitation as man and wife following the decreetal order of March 9, 1929. Appellant insists that while they each lived on the place they remained separate, but we are persuaded the decided weight of the evidence, supported we think by reasonable deductions from undisputed facts, leads to the conclusion that the husband obtained the order for the very purpose of removing all doubt or question as to the validity of their ceremonial marriage, which both parties evidently considered entirely regular, and that they continued to live together as man and wife thereafter until the separation, details of which are here unimportant. It is the well-settled rule that if parties in good faith marry when in fact a legal impediment exists to their marriage, and they continue to cohabit as man and wife after the removal of the impediment of their lawful union, the law presumes a common-law marriage. Note to Klipfel v. Klipfel, 124 Am. St. Rep. 116. This principle was recognized by this court in Prince v. Edwards, 175 Ala. 532, 57 So. 714, and giving it application here to the well-established proof as above indicated, we find ourselves in accord with the chancellor as to the validity of the marriage.

■ The denial of appellant's application for rehearing before the chancellor is not here subject to review. Ford v. Ford, 218 Ala. 15, 117 So. 462.

■ Appellee's application for appointment as administratrix and her objections to the appointment of appellant as such were withdrawn, her action in this regard amounting in effect to a voluntary nonsuit, and did not therefore constitute the matter res adjudicata. Clark v. Tunstall, 179 Ala. 558, 60 So. 847.

No reversible error appearing in the decree rendered, it will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

