6 So.2d 442

**BRAND et al. v. STATE.**

**8 Div. 41.**

Court of Appeals of Alabama.

April 8, 1941.

Rehearing Denied May 20, 1941.

Affirmed on Mandate Nov. 18, 1941.

Rehearing Denied Jan. 13, 1942.

J. Foy Guin and Wm. Stell, both of Russellville, for appellants.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

For the purpose of these appeals, and in view of the contention of the State, it is only necessary to set out the following condensed statement of the facts shown by the record before us, viz: Prior to the 22nd day of February, 1939, W. D. Johnson, one and the same person as Will Johnson, and Annie Fay Johnson were husband and wife, and lived together as such in Franklin County, Alabama.

On February 22nd, 1939, the said Annie Fay Johnson obtained a decree of divorce against her husband, W. D. Johnson, in the Law and Equity Court, in equity, of Franklin County, Alabama. This decree of divorce contained the following provisions, among others, viz: "It is therefore ordered, adjudged, and decreed by the court that the bonds of matrimony heretofore existing between the complainant and the respondent be, and the same hereby are, dissolved and that the said Annie Fay Johnson is forever divorced from the said W. D. Johnson, for and on account of cruelty." And, "It is further ordered, adjudged and decreed that neither party to this suit shall again marry, except to each other until sixty days after the rendition of this decree, and that if an appeal is taken within sixty days, neither party shall again marry except to each other during the pendency of said appeal."

Under said decree of divorce the said Annie Fay Johnson was specifically granted the right to again contract marriage. Except, as above stated, said decree of divorce was silent as to the right of W. D. Johnson to marry again.

Prior to the 23rd day of February, 1939, Odell Brand and Della Brand, were husband and wife and lived together as such in Franklin County, Alabama.

On February 23rd, 1939, Della Brand was granted a decree of divorce against her husband, Odell Brand, by the Law and Equity Court of Franklin County, Alabama, in equity, by which the bonds of matrimony existing between her and the said Odell Brand were dissolved and by which the said Della Brand was forever divorced from Odell Brand for and on account of cruelty.

It was also provided under this decree of divorce that neither Della Brand or Odell Brand could marry again, except to each other, until sixty days after the rendition of said decree of divorce, and that if an appeal was taken within sixty days then neither party should again marry, except to each other, during the pendency of said appeal.

Said decree of divorce also specifically granted to the said Della Brand the right to remarry but was silent with respect to the right of Odell Brand to remarry.

On the 23rd day of February, 1939, F. O. Brand, one and the same person as Odell Brand, married Mrs. Annie Fay Johnson, in Itawamba County in the State of Mississippi, under a license obtained by him in said State of Mississippi, County of Itawamba and which authorized any person, who under the laws of the State was authorized to perform the marriage ceremony, to marry, or to celebrate the rights of matrimony between the said Odell Brand and the said Annie Fay Johnson.

On the 23rd day of February, 1939, the said W. D. Johnson, one and the same person as Will Johnson, married Mrs. Odell Brand, in Itawamba County, in the State of Mississippi, under a marriage license obtained by him in said State of Mississippi, County of Itawamba, and which authorized any person, who under the laws of said State, was authorized to perform the marriage ceremony, to marry, or to celebrate the rights of matrimony, between the

said W. D. Johnson and the said Della Brand.

After their marriage in Itawamba County, Mississippi, the above-named two couples returned to Franklin County, Alabama, and there lived together as husband and wife respectively, from Thursday, February 23, 1939, the date of their respective marriages until the following Tuesday when all four of them were arrested and put in jail.

The grand jury of Franklin County returned an indictment into the circuit· court against Odell Brand, Will Johnson, alias W. D. Johnson, Della Brand, alias Della Johnson, each separately and severally, charging each of them with offenses of bigamy and bigamous cohabitation.

Upon their trials in the circuit court, Odell Brand, Will Johnson, alias W. D. Johnson, and Della Brand, alias Della Johnson, were each convicted of the offense charged against each of them, separately and severally, in said indictments, and were each, separately and severally sentenced by the trial court to imprisonment in the penitentiary. From the judgment of conviction against them each of said named defendants appealed to this court, and by agreement one record containing all. the pleadings and all the proceedings applicable to each case was filed in this court and the appeals are here consolidated and presented as one appeal so that whatever judgment is here pronounced upon this appeal shall be binding and decisive of each and all of said named three appellants.

Demurrers were interposed to each of the indictments in the court below, upon numerous grounds, which demurrers were overruled and denied by the trial court, and the action of the trial court in so doing is here presented as error.

Certain testimony was admitted in evidence, against each of these defendants, over their objections and exceptions, and the action and rulings of the trial court in this connection are also assigned as error.

It is admitted by the State that if it be determined that the Mississippi marriage between the above-named two couples was lawful, then the State must fail in each of these cases and that the defendants and none of them could properly be convicted of bigamy, or of bigamous cohabitation. And on the other hand if this court should determine that the Mississippi marriages were unlawful, then the above-named defendants were properly convicted in the court below.

It is the opinion and judgment of this court that the marriage of Odell Brand to Annie Fay Johnson, and the marriage of Will Johnson, alias W. D. Johnson, to Della Brand, in Itawamba County, Mississippi, on the 23rd day of February, 1939, were, both of them, lawful marriages under the laws of the State of Mississippi. Crawford v. State, 73 Miss. 172, 18 So. 848, 35 L.R.A. 224; Smith v. Goldsmith, 223 Ala. 155, 134 So. 651.

The general rule of law applicable to these two marriages is that the validity of a marriage is determined by the law of the place where it was contracted; if valid there, it will be held valid everywhere. Smith v. Goldsmith, supra.

A decree of the court of equity, based upon the statute, prohibiting a subsequent marriage of the respective parties within a stated period of time, can be applied only in the State where the decree of divorce is granted. Such prohibition as to a second marriage has no extraterritorial operation, and does not affect the validity of a subsequent marriage in another State.

In 10 Corpus Juris Secundum, Bigamy, page 364, § 5(b), it is said: "Where the statute or the decree of divorce prohibits remarriage, or remarriage within a designated time, a remarriage in violation of the decree is bigamy, except that if the second marriage takes place beyond the jurisdiction in which a divorce with this provision, or subject to such statute, was granted, such second marriage is not bigamous, since the statute has no extraterritorial effect. A statute providing that, where there is a marriage outside of the state after a divorce is granted and during the period before the decree becomes final, and the offending parties return to the state and cohabit during the same prohibited period, the marriage is bigamous, does not apply to a marriage outside the state before a divorce is granted, even though the parties return to the state within the prohibited period and cohabit as husband and wife."

See, also, Reed v. Hudson, 13 Ala. 570, 572; Fuller's Adm'r v. Fuller, 40 Ala. 301; Wilson v. Holt, 83 Ala. 528, 541, 3 So. 321, 3 Am.St.Rep. 768; McLaughlin v. McLaughlin, 201 Ala. 482, 78 So. 388; Boyles v. Wallace, et al., 208 Ala. 213, 93 So. 908.

It follows, therefore, that these two marriages being lawful and valid under the laws of the State of Mississippi, where

they were entered into between the parties, none of them are guilty of bigamy, nor of bigamous cohabitation in the State of Alabama, as charged in the separate indictments.

The trial court erred in refusing to give the general affirmative charge requested in writing respectively by each of the defendants.

For the error pointed out the judgment of the trial court is reversed, set aside and held for naught.

It is evident that inasmuch as neither of these appellants can lawfully be convicted of any offense charged in the indictments, a remandment of these cases for another trial would be useless and unnecessary.

It is ordered and adjudged that the judgment of this court be here entered discharging the said W. D. alias Will Johnson; and the said Odell Brand, and the said Della Brand alias Johnson, each respectively from each of the indictments in these cases, and from further custody in these proceedings.

Reversed and rendered, as to each of the appellants in these cases.

Reversed and rendered.

SIMPSON, J., not sitting, having been of counsel.

PER CURIAM.

Affirmed under provisions of Code 1940, Tit. 13, § 95.

On Rehearing.

BRICKEN, Presiding Judge.

Originally, there were three appellants in this case. The application for rehearing, here filed, is made for and on behalf of only two of said appellants, viz: Will Johnson, alias W. D. Johnson, and Della Brand, alias Della Johnson. We shall so consider it.

It is insisted by said appellants:

"When the appeal was first presented in the Court of Appeals, the ruling was that the Mississippi marriages were lawful, and that the defendants were entitled to their discharge from custody. On certiorari to the Supreme Court, it has now been held in the second opinion of that court that the remarriage of a divorced person within sixty days after the decree of divorce, wherever contracted, constitutes bigamy if followed by a cohabitation within the state

of Alabama. Following that opinion of the Supreme Court, the Court of Appeals affirmed the judgments of conviction, on the authority thereof, without opinion.

"We are forced to conclude that the Court of Appeals overlooked the contentions made in our brief filed on the original submission in this court, and argued at great length, that the defendants were convicted on illegal and prejudicial testimony, of several different kinds; that they were convicted on an insufficient indictment, which was duly demurred to; and that they reserved an exception to the oral charge, which exception contained manifest merit.

"We now desire, in behalf of our clients, an opinion on these various questions. If it be said by the Attorney General, as we expect, that the defendants are guilty, under the recent opinion promulgated by the Supreme Court, irrespective of any ruling at the trial, then our reply is that any and every defendant is entitled to a fair trial, to be held and conducted under the rules of the law, regardless of the degree of his guilt, and without regard to public clamor."

The appellants designated above stand within their rights in making this application for rehearing.

In our first opinion this court rendered a decision wherein the reasons of this court were clearly expressed for ordering a reversal of the judgment of conviction from which the appeal was taken. At that time we were of the opinion that the matters, and points of decision dealt with, were conclusive of the case, and saw no necessity in dealing specifically with the numerous other insistences of error presented, and which were noted by this court, but not dealt with or discussed in our opinion; deeming, as we did, it was useless to do so, as is the general rule, courts will not indulge in useless things or matters.

█ The first, and probably the principal insistence of error relied upon to effect a reversal, is the action of the court in overruling defendants' demurrer to count 2 of the indictment. Able and earnest counsel for these two appellants elaborately and extensively argue this question and cite numerous authorities. From our viewpoint, however, there appears no necessity for an extended discussion of this question. We are of the opinion there was no error in the action of the court in overruling the demurrers for the reason said count 2 is

in the exact words of the statute. The law is, that an indictment alleging elements of offense, as defined by statute, is sufficient. Alabama Digest, Vol. 12, Indictment and Information, p. 60, ⊚110 (3).

We here quote first, the language of the statute, to wit: "Bigamy, and bigamous cohabitation; punishment of.—If any person, having a former wife or husband living, marries another, or continues to cohabit with such second husband or wife in this state, he or she shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than five years." Code 1940, Tit. 14, § 47.

We also quote, in full, the second counts of the indictments as appears in the record, to wit:

"The Grand Jury of said County further charge that before the finding of this indictment: Will Johnson alias W. D. Johnson, whose name is to the grand jury otherwise unknown, having a wife then living, unlawfully married one Della Brand or did continue to cohabit with the said Della Brand in this State.

"The Grand Jury of said County further charges that before the finding of this indictment: Della Brand alias Della Johnson whose name is to the grand jury otherwise unknown, having a husband then living, unlawfully married one Will Johnson alias W. D. Johnson whose name is to the grand jury otherwise unknown, or did continue to cohabit with the said Will Johnson alias W. D. Johnson in this State."

■ Relative to the insistences of error in the several rulings of the court upon the admission of evidence, we are of the opinion that if, as contended, these several rulings by the court were infected with error, such error would be harmless and unavailable to appellants for the reason, by virtue of the ruling of the Supreme Court, under the facts admitted upon the trial of this case, and about which there was no dispute or conflict the defendants were declared to be guilty as charged in the indictment. Such construction by the Supreme Court controls the opinion and judgment of this court without reference to the views of the individual members of this court. This, by virtue of the statute. Section 7318, Code 1923, Code 1940, Tit. 13, § 95.

The above holding is sustained by Supreme Court Rule 45, Code 1940, Tit. 7, Appendix, p. 1022, and also by the opinions in the cases of Turner v. State, 29 Ala.App.

13, 191 So. 392; Turner v. State, 238 Ala. 352, 191 So. 396. See citations in 7 Alabama Digest, Criminal Law, p. 339 et seq., ⊚ 1186 (4).

■ For like reason the noted exception reserved to the court's oral charge is also unavailable to defendant, as such charge, even if infected with error, under the admitted facts in this case, supra, could not have probably injuriously affected the substantial rights of the parties.

The application for rehearing is overruled.