67 So.2d 22

## MATTHEWS v. MATTHEWS.

### 6 Div. 505.

Supreme Court of Alabama.

Aug. 6, 1953.

Thos. Seay, Marion, for appellant.

David H. Hood, Jr., Bessemer, and Ozell Billingsley, Jr., Birmingham, for appellee.

LAWSON, Justice.

George Matthews, who died in Jefferson County in June, 1949, left a will wherein he named Lucile Matthews as his beneficiary. Testator referred to Lucile Matthews as his wife and nominated and appointed her as executrix.

The will of George Matthews was duly admitted to probate in the probate court of Jefferson County, Bessemer Division, and letters testamentary issued to Lucile Matthews.

On February 8, 1952, on petition of one Anna Thomas Matthews, the administration of the estate of George Matthews, deceased, was transferred to the circuit court of Jefferson County, in equity, Bessemer Division.

In her said petition Anna Thomas Matthews averred that she, and not Lucile Matthews, was the lawful widow of George Matthews and that as such lawful widow she was entitled to dower and homestead rights.

After the order of removal was entered Anna Thomas Matthews filed in the circuit court, in equity, a petition wherein she averred practically the same matters as alleged in her petition filed in the probate court, except in considerably more detail.

This petition was treated by the parties and by the trial court as a bill in equity

and Lucile Matthews filed an answer wherein she denied the allegations of the petition of Anna Thomas Matthews.

A hearing was had where the witnesses were examined orally before the trial court. The evidence adduced in the main related to the single question, was Anna Thomas Matthews the lawful widow of George Matthews, deceased?

The trial court decreed that the said Anna Thomas Matthews was not the lawful widow of George Matthews, deceased, in that she had never been his lawful wife. It was further decreed that Lucile Matthews was the lawful widow of the said George Matthews.

From that decree Anna Thomas Matthews has appealed to this court.

We will treat the issues on which the case was tried below, without considering the question of whether Anna Thomas Matthews has pursued the proper remedy to secure the relief which she seeks. See §§ 18 and 19, Title 61, Code 1940.

It is undisputed that a marriage license was issued out of the probate court of Jefferson County to George and Lucile on June 27, 1942, and a marriage ceremony was performed by a minister on July 2, 1942.

George and Lucile thereafter lived together as man and wife at Bessemer until George's death in June, 1949. Four children were born to George and Lucile.

We are not concerned here with the right of Lucile to contract marriage with George Matthews. The relief sought by Anna Thomas Matthews depends on proof of the averments of her petition that she was the lawful widow of George Matthews. Of course, if that allegation be proven, Lucile could not be the lawful widow of George Matthews; but if that allegation is not proven, it is no concern of Anna as to whether Lucile could lawfully contract marriage with George.

It was definitely established that George Matthews and Anna went through a marriage ceremony on, to wit, March 30, 1939, under license issued out of the probate court of Marengo County.

But Anna, in attacking the validity of the marriage of George and Lucile, does not meet the burden imposed on her by merely showing that George was previously married to her. Faggard v. Filipowich, 248 Ala. 182, 27 So.2d 10. In Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46, 48, it is said:

"The presumption that a marriage is legal and valid in all respects is one of the strongest known to the law, and while it is true that the marriage relation when once proven is presumed to continue, yet this presumption attaches with full force to the latest marriage, the reason being that the presumption of innocence, morality and legitimacy will counterbalance and preponderate against the presumption of the former relations. * * * * "

The burden is on one attacking the second marriage not only to establish the fact of the previous marriage, but that such previous marriage has not been dissolved by divorce or death. Faggard v. Filipowich, supra, and cases cited there.

As indicated above, the evidence clearly shows that George Matthews had gone through a marriage ceremony with Anna several years prior to his purported marriage to Lucile. Anna was living at the time George and Lucile went through the marriage ceremony. There may be some question as to whether Anna sufficiently met the burden that was upon her to show that her so-called marriage to George had not been dissolved by divorce, but we are inclined to the view that such burden was met.

But the question is presented as to whether George and Anna were legally married, in view of Anna's previous marriages. The burden is not on Anna to show that she was legally competent to contract marriage with George Matthews. Faggard v. Filipowich, supra.

It is definitely established that Anna, after having an illegitimate child by one

Foster, married one Jesse Morgan in 1925. Jesse got "sent away" and in 1933 Anna went through a marriage ceremony with one Mack Thomas. Mack "went away" to California. This was Anna's marital status when she went through the marriage ceremony with George Matthews on March 30, 1939. While the burden was not on Anna to show that her previous marital ventures had not been dissolved by death or divorce, she admitted such to be the case and this suit was tried below on that theory. We need refer no more to Mack Thomas. Jesse Morgan, Anna's first husband, from whom she admits she was never divorced, was living when Anna went through the marriage ceremony with George Matthews. In relying upon Anna's admission that she was never divorced from Jesse Morgan, we are not overlooking our holding in Dorsey v. Dorsey, 256 Ala. 137, 53 So.2d 601. Here, the admission is that of the party seeking to invalidate the last marriage. Moreover counsel representing Anna expressly represented to the trial court that the marriage of Anna and George was not valid in view of the fact that at the time they went through the marriage ceremony Anna had not been divorced from Jesse Morgan, who was still living.

While Anna concedes the invalidity of her ceremonial marriage to George Matthews, she contends that she was his lawful wife in that Jesse Morgan, her first husband, died on June 12, 1939, and that thereafter she and George Matthews lived and cohabited together as man and wife until August 8, 1940, and that thereby she became the common law wife of George Matthews. It is to be noted that Anna takes this position in spite of the fact that subsequent to the time she and George Matthews stopped living together, she went through a marriage ceremony with one Richard Payne, with whom she lived for several years.

■ We have said that where parties who are competent to marry enter an illicit relation, with the manifest desire and intention to live in a marital union, rather than in a state of concubinage, and the obstacle to their marriage is subsequently removed, their continued cohabitation raises a presumption of an actual marriage immediately after the removal of the obstacle and warrants a finding to that effect. Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Prince v. Edwards, 175 Ala. 532, 57 So. 714. See Smith v. Smith, 247 Ala. 213, 23 So.2d 605.

But this case turned on the narrow question as to whether or not Anna and George lived together as man and wife at all subsequent to June 12, 1939, the date on which Jesse Morgan died. We quote from brief of counsel for appellant, Anna Thomas Matthews, as follows:

"Appellant's case depends upon her contention that after her ceremonial marriage with George Matthews on March 31, 1939, she lived with him as his wife beyond the time Jesse Morgan died on June 12, 1939, and that therefore her marriage to George Matthews was perfected."

As before indicated, such was the narrow issue on which this case was tried below. Anna testified that she lived with George Matthews as his wife in such a manner as to constitute a common law marriage for several months subsequent to the death of Jesse Morgan and until approximately August 8, 1940. She was substantiated in her testimony by two other colored people who lived in the community around Uniontown and Faunsdale, where George and Anna had lived. But in the main, Anna relies on the fact that in May, 1949, shortly before the death of George Matthews, a bill for divorce was filed in the circuit court of Jefferson County, in equity, Bessemer Division, on behalf of George Matthews against Anna Thomas Matthews, wherein it was alleged that George and Anna were married on March 30, 1939, and lived together as man and wife until on or about the 8th day of August, 1940, and that on the day last mentioned Anna voluntarily abandoned George.

Counsel for appellant lays considerable stress on this circumstance, but conceding without deciding that the allegations of the bill of divorce were properly in evidence,

such allegations are not conclusive of the marital status of George Matthews and Anna in this proceeding.

The respondent called as witnesses several persons who lived in and around Uniontown and Faunsdale at the time that George and Anna went through the marriage ceremony and for some time thereafter. Several of these witnesses, it is true, were related to George Matthews, but they all testified that George and Anna did not live together over three weeks and that in the latter part of April, 1939, he ceased to live with Anna and returned to the home of his sister, where he lived until he removed to Jefferson County in 1941. Richard Payne, who went through a marriage ceremony with Anna in 1944, testified on behalf of the respondent and stated that George and Anna ceased to live together in the latter part of April, 1939, and that he and Anna at that time began to live together as man and wife and continued to do so for several years past 1944, in which year they went through a marriage ceremony.

As we observed at the outset, the testimony in this case was taken orally before the trial court and we have often stated that under such circumstances the findings of the trial court on questions of fact have the verity of a verdict of a jury and will not be set aside unless plainly and palpably wrong. We are not willing to say in this case that the trial court, under the evidence presented, erred in failing to bastardize the children of George and Lucile and in effect to declare not only that George and Lucile had been bigamists and had lived in a state of adultery, but that the same situation applied to Anna Thomas Matthews in view of her relationship with Richard Payne.

The evidence in this case has been given careful consideration and we are clear to the conclusion that the decree appealed from should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.