**METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**Mary SPEARMAN and Viva Spearman, Defendants.**

**Civ. A. No. 924–E.**

United States District Court,
M. D. Alabama, E. D.

July 5, 1972.

Ferrell & Bennett, Phenix City, Ala., for plaintiff.

Pope & Floyd, Phenix City, Ala., for defendant, Mary Spearman.

Bernstein & Schwartz, Pacific Grove, Cal., C. H. Erskine Smith, Birmingham, Ala., for defendant, Viva Spearman.

## ORDER

VARNER, District Judge.

This is an interpleader action brought by Metropolitan Life Insurance Company against Mary Spearman and Viva Spearman to determine to whom should be paid the proceeds of a policy of insurance covering the life of Edward Spearman, deceased. Both Mary Spearman, a resident of Alabama, and Viva Spearman, a resident of California, claim to be the sole surviving widow of the decedent. Metropolitan has paid into the registry of this Court the proceeds payable under the policy, thereby satisfying the jurisdictional requirements of U.S.C., Title 28, § 1335.

It is stipulated by the parties that the life of Edward Spearman was insured by Metropolitan under the Federal Employees' Life Insurance Plan, Group Policy No. 17000–G, in the amount of $10,000.00, issued to the U.S. Civil Service Commission pursuant to the Federal Employees' Group Life Insurance Act of 1954,[1] and that the said Edward Spearman departed this life October 1, 1969. It is further stipulated, under the provisions of the aforesaid policy as far as is here relevant, that in the event no beneficiary is designated the amount of insurance payable shall be paid to the "widow or widower of the Employee," and that no beneficiary was designated in the policy by the decedent.

1. 5 U.S.C. §§ 8701–8716.

Trial was had before this Court, sitting without a jury, on April 21, 1972.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Without attempting to set out in detail the evidence offered by each of the interpleaded Defendants, of which much is conflicting, the Court finds that Edward Spearman did in fact enter a ceremonial marriage with each of the said Defendants. The first marriage was contracted with Mary Spearman in Russell County, Alabama, on October 2, 1946, and resulted in the birth of several children. The second marriage with Viva Spearman occurred in Monterey County, California, on June 7, 1962, and resulted in no children. The Court further finds from the evidence that neither marriage was terminated by divorce prior to Edward's death. Though unnecessary in light of the finding of a ceremonial marriage between Edward and Mary, the Court also is of the opinion that the evidence would otherwise support a finding of the establishment of a common law marriage between these two, commencing in Russell County, Alabama, in 1946, and continuing for some years thereafter.

■ Although the Defendant Viva attempted to show a prior undissolved marriage by Mary, in an effort to prove the invalidity of Mary's marriage to Edward, the evidence of such is no more than surmise. There also was some suggestion to the effect that Edward had at one time been married to and divorced from someone named Alberta. No substantial evidence was adduced thereunto pertaining. The burden of proof was not on Mary to prove that she and Edward were legally competent to contract their marriage. Matthews v. Matthews, 259 Ala. 332, 67 So.2d 22. Evidence of these alleged previous marriages, therefore, must be disregarded.

■ It is agreed by the parties that the relevant provisions of the Act and the policy in dispute provide that the proceeds payable thereunder, in the absence of a designated beneficiary, shall be paid to the "widow" of the insured employee. The initial question for determination, then, is what meaning should be given the term "widow" under the Act. This Court is in accord with the case of Tatum v. Tatum, 9 Cir., 241 F.2d 401 (1957), holding that this is a federal question and that the term means "lawful widow." See also Lembcke v. United States, 2 Cir., 181 F. 2d 703. Whether one is the lawful widow of her deceased spouse can only be determined by reference to the validity of her marriage to him, and this necessarily depends upon the law of the state where the marriage was contracted. Brown v. United States, 3 Cir., 164 F.2d 490; Lembcke v. United States, supra; Brand v. State, 30 Ala.App. 322, 6 So.2d 442.

■ Having found from the evidence that both Defendants herein entered ceremonial marriages with the decedent (and alternatively that a common law marriage was established between Edward and Mary), the various presumptions arising therefrom must be considered. It is also an universally accepted rule that, when a person has contracted two successive marriages, a presumption arises in favor of the validity of the second marriage, and the burden is upon the party attacking the validity of the second marriage to establish the existence of the first, and that such first marriage has not been dissolved by death, divorce or annulment at the time of the second marriage. Tatum v. Tatum, supra; Hunter v. Hunter, 111 Cal. 261, 43 P. 756; Matthews v. Matthews, supra. This presumption, however, is simply a rule of evidence and may be rebutted by evidence sufficient to overcome it. This burden is met if the evidence, in light of all reasonable inferences, shows that the first marriage was not dissolved or annulled. Tatum v. Tatum, supra, citing In re Smith's Estate, 33 Cal.2d 279, 201 P.2d 539. Edward left his Alabama home to get a job in California, returned to Alabama each year for his vacation, maintained a fam-

ily in Alabama and never, insofar as any witness knew, sought or obtained a divorce from Mary.

██ This Court holds that the Defendant Mary Spearman has adduced ample evidence of her legal marriage to Edward, prior to that of the Defendant Viva. Thus, the burden of showing the invalidity of the first marriage shifts to the party so asserting, for once a marriage relation is shown to exist it will be presumed to continue in the absence of evidence of its dissolution by death or divorce. Faggard v. Filipowich, 248 Ala. 182, 27 So.2d 10; Hyslop v. Hyslop, 241 Ala. 223, 2 So.2d 443. The Defendant Viva Spearman has failed to produce any evidence that the prior marriage of Edward and Mary was dissolved by divorce or annulment. Therefore, the second marriage of Edward to Viva, being bigamous, was void from its inception, leaving the Defendant Mary the lawful widow of Edward and entitled to all the proceeds of the insurance policy, in the absence of other provisions of law.[2]

██ There remains for discussion, then, the contention of the Defendant Viva that she is the putative spouse of Edward and, as such, is entitled to at least one-half the proceeds of the policy. This Court cannot so hold. First, under the authority of Tatum v. Tatum, supra, 241 F.2d at page 410, there is "serious doubt" that "a putative spouse qualifies as a lawful widow" under the Act here in issue. Even assuming that a putative spouse does so qualify, this Court finds, under the evidence herein, that Viva Spearman is not a putative spouse of Edward. Viva admits that she was aware of the possibility, if not the likelihood, of Edward's prior marriage to Mary, and, yet, she took no steps to perfect her marital status. A putative spouse may not blindly ignore a prior

marriage. Tatum v. Tatum, supra; Vallera v. Vallera, 21 Cal.2d 681, 134 P. 2d 761. Lastly, the public policy of Alabama against bigamous marriages is well settled by a long line of cases holding that a valid existing marriage renders a subsequent marriage utterly null and void. See Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135, and cases there cited. A court is not compelled by the "full faith and credit clause" or by comity to enforce a contract entered into in a foreign state which involves a matter contrary to the public policy of the forum. Watson v. Emp. Liability Assur. Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74; Warner v. Fla. Bank & Trust Co., (5 CCA) 160 F.2d 766; Lack v. Borsum, (D.C.La.) 44 F.Supp. 47.

## JUDGMENT AND DECREE

In view of the aforesaid findings of fact and conclusions of law, it is the order, judgment and decree of this Court:

(1) That a reasonable fee for the services of Ferrell and Bennett, Phenix City, Alabama, attorneys for the interpleader Plaintiff herein, is $700.00.

(2) That the costs incurred in this case, including the aforementioned attorneys' fee, be paid from the funds deposited into this Court by Metropolitan Life Insurance Company prior to any other distribution.

(3) That after the payment of the costs in this case, the remaining proceeds of Federal Employees' Life Insurance Plan, Group Policy No. 17000–G, issued by Metropolitan Life Insurance Company to the United States Civil Service Commission on the life of Edward Spearman, be disbursed to Pope and Floyd, Attorneys, Phenix City, Alabama, as attorneys for Mary Spearman, whom this Court finds to be the lawful widow of the said Edward Spearman, deceased.

---

2. This finding is aided by the presumption of legitimacy of the children of Edward and Mary, one of the strongest presumptions known to the common law, and most difficult to overcome. Faggard v. Filipowich, supra; Franks v. State, 26

Ala.App. 430, 161 So. 549. To hold void the marriage of Edward and Mary would, of necessity, bastardize their children, a result which should never be reached lightly.