# Ford *v.* Tinchant & Brother.

*Motion to reinstate Cause on Docket, and amend Judgment nunc pro tunc.*

1. *What are clerical misprisions.* — Clerical errors or mistakes, within the meaning of the statutes authorizing amendments (Rev. Code, §§ 2807, 2812), are not only those which are made by the clerk, but include also those mistakes, apparent on the record, whether made by the court or the counsel in the progress of a cause, to which the judicial sanction or discretion cannot reasonably be said to have been applied.

[Ford *v.* Tinchant.]

2. *Reinstatement of cause on docket, and amendment of judgment nunc pro tunc.* —
Where the clerk, in transcribing the docket, by mistake enters a cause, in which
the defendant is sued individually, so as to make it appear, as in the last preceding
cause on the docket, that the action is against him as the executor of an insolvent
estate; and the court, by inadvertence, not noticing the mistake, enters the same
judgment as in the last preceding cause; and the judgment so entered is totally
foreign and inapplicable to the complaint; the plaintiff may have the erroneous
judgment set aside at a subsequent term, and the cause reinstated on the docket as
in *statu quo;* but he cannot have the judgment amended and rendered, *nunc pro
tunc,* so as to convert it into a judgment by *nil dicit* conformable to the complaint,
when no such judgment was in fact taken.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. M. J. SAFFOLD.

The record in this case shows that, on the 27th June, 1867,
an action was commenced by summons and complaint, in the
City Court of Selma, at the suit of Tinchant & Brother, against
James Ford individually. The complaint contained two counts:
one, on an account stated; and the other, for goods sold and
delivered. On the abolition of said City Court, the causes
standing on its docket were transferred to the Circuit Court
of Dallas. At the December Term, 1870, of said Circuit
Court, several causes stood on its docket, and entries were
made in them, in the handwriting of the presiding judge,
Hon. JAMES Q. SMITH, as follows: —

"No. 628. Fellows & Haralson *vs.* James Ford, executor of
estate of John E. Toole, deceased. Insolvency of defendant's
estate pleaded and admitted. Judgment for costs *vs.* def't as
executor; judgment to be certified to Probate Court for allow-
ance."

"No. 629. Lawler & Baker, surviving partners, *vs.* James
Ford, executor of estate of John E. Toole, deceased. Insol-
vency of defendant's estate pleaded and admitted. Judgment
for costs *vs.* def't as executor; judgment to be certified to Pro-
bate Court for allowance."

"No. 630. Tinchant & Brother *vs.* James Ford, executor of
estate of John E. Toole, deceased. Same order as in 628."

"No. 631. City of Selma *vs.* Bell Norris, f. w. Same order
as in 628."

"No. 632. Tinchant & Brother *vs.* James Ford, executor of
John E. Toole, deceased. Same order as in 628."

In each of these cases, except No. 631, the names of the
plaintiffs' attorneys were entered as "B. & H.," for Brooks
& Haralson; and the defendants' as "P. & D.", or Pettus &
Dawson. In No. 631, the attorneys' names were different.
No. 630 is the case first above mentioned; and the judgment
entry in it, corresponding with the judgment entered in the
preceding case, was in these words: "Came the parties, by
their attorneys, and the defendant saying nothing in bar or
preclusion of the plaintiffs' demand, it is therefore considered

[Ford v. Tinchant.]

by the court, that the plaintiffs recover of the defendant the sum of one cent damages, together with the costs in this behalf expended; and the insolvency of the estate of John E. Toole, deceased, is pleaded and admitted, and this judgment is ordered to be certified to the Probate Court of Dallas County for allowance." After the entry of this judgment, said cause was not again placed on the docket.

At the December Term, 1871, the plaintiffs made a motion to reinstate the cause on the docket, on the ground that it had been inadvertently omitted by the clerk, without any authority of law; and on a subsequent day of the term, while this motion was held under advisement by the court, they amended it, by leave of the court, by converting it into a motion to amend the judgment entry above set out, *nunc pro tunc* as of the December Term, 1870, so that the judgment should read as follows:—

" Tinchant & Brother *vs.* James Ford. Came the parties, by their attorneys, and the defendant saying nothing in bar or preclusion of the plaintiffs' demand, it is therefore considered by the court, that the plaintiffs recover of the defendant their damages; but, inasmuch as these damages are unknown to the court, let a jury come, and inquire of and assess the same."

The court reinstated the cause on the docket, and granted the motion to amend the judgment as asked; to which the defendant excepted, and which he now assigns as error.

PETTUS & DAWSON, for appellant. — 1. By taking a final judgment on the 13th December, 1870, thus taking the case off the docket, and permitting it to remain off the docket until February, 1872, when the motion to reinstate it was made, the plaintiffs discontinued their suit.

2. A final judgment cannot be changed after the adjournment of the court for the term. An amendment can only be made *nunc pro tunc,* when the record shows the truth of the amendment, and only to the extent authorized by the record. *Armstrong* v. *Robertson,* 2 Ala. 164; *Brown* v. *Bartlett,* 2 Ala. 29. There was here no clerical error to amend, and no matter of record to authorize the amendment which was made. A judgment by *nil dicit* is rendered, although the record shows that the defendant had appeared and pleaded; and he is deprived, without fault on his part, of the right to defend.

BROOKS, HARALSON & ROY, *contra.* — The entry of the judgment in this case was clearly a clerical misprision or mistake, amendable at any time within three years; and the matters apparent on the record authorized the amendment which was made. Rev. Code, §§ 2807, 2812; *Wilkerson* v. *Goldthwaite,* 1 Stew. & P. 159; *Kennedy* v. *Young,* 25 Ala. 563;

[Ford v. Tinchant.]

*Allen & Dean* v. *Bradford,* 3 Ala. 287 ; *Moody* v. *Keener,* 9 Porter, 252 ; *Governor* v. *Knight,* 8 Ala. 297 ; *Gunn* v. *Howell,* 35 Ala. 144; *Yarborough* v. *Scott,* 5 Ala. 221; *Hicks* v. *Barrett,* 40 Ala. 291 ; *Smith* v. *Redus & Wife,* 9 Ala. 99 ; *Wainwright* v. *Sanders,* 20 Ala. 602; *Sellers* v. *Smith,* 11 Ala. 264 ; *Russell* v. *Erwin's Adm'r,* 41 Ala. 292 ; *Dobson* v. *Dickson,* 8 Ala. 252 ; and other cases cited in Brickell's Digest, vol. 1, pp. 70–72.

B. F. SAFFOLD, J. — The plaintiffs' amendment of their motion to reinstate a case seems to have been an abandonment of the original motion to have placed on the Circuit Court docket a cause which the clerk had omitted to transcribe from the City Court docket, and the substitution of a new motion to return to the docket a case, withdrawn in consequence of an erroneous judgment rendered in it by mistake, for the purpose of amending that judgment *nunc pro tunc.* The defendant admits in his bill of exceptions that the summons and complaint in the former belong to the latter case. The questions, therefore, to be determined are, whether or not a judgment *nil dicit,* against a defendant in his individual character, for one cent damages, can, at a subsequent term, be corrected into a judgment for damages, with a writ of inquiry, from the summons and complaint which charge him individually on an account, if the error was committed through the misdirection of the presiding judge ; whether it ought to be allowed if the effect would be the preclusion of the defendant from a trial on the merits ?

Amendments after final judgment are allowed, because, in the particular instance, it appears from the record that the original action of the court must have been what the amendment proposes to make it. For this reason, the amendment is usually antedated, as the right of the party seeking it. But it is sometimes refused, or granted with terms, or of the date when allowed, if the application has been unnecessarily delayed, and the other party, or third persons, would be prejudiced. While it cannot be allowed, unless it can be made from matter apparent on the record, the court is not confined exclusively to the record in determining whether to allow it or not, or what amendment to make. Tidd's Prac. 770, 965, 973, 975, 1026 ; *Moody* v. *Keener,* 9 Port. 252.

Clerical errors, are not those alone which the clerk makes. They include all such, being matters of record, as intervene in the progress of a cause, whether committed by the court or the counsel, to which the judicial sanction or discretion cannot reasonably be said to have been applied. R. C. § 2807 authorizes the amendment of " any clerical error, mistake in the calculation of interest, or other mistake of the clerk," where

[Pace *v.* Lee.]

there is sufficient matter apparent on the record or entries of the court to amend by ; and section 2812 empowers the court " to correct any error in fact in the judgment or process, apparent upon the whole record." The legislature cannot be held to have been so careless of language, as to have used the expressions " clerical error," and " other mistake of the clerk," in exactly synonymous sense, in view of the liability to mistake in the entries and record of causes ; or to have excluded from amendment the manifest oversights and inaccuracies of the counsel, not calculated to mislead, in permitting the correction of " any error in fact in the process."

It was a mistake of the clerk to enter the case No. 630 (460) as a suit against Ford, " executor of the estate of Toole." When judgment was taken against Ford in No. 628, as the representative of Toole, and the " same order as 628 " was entered at the same time in the two other cases where he appeared to be in the same capacity, it is manifest that the court and the parties were disposing alone of the several cases in which the Toole estate was concerned, and that the entry in 630 (460) was made by the judge through the merest inadvertence, he being misled by the docket. The mistake from inadvertence is made more evident from the fact that the same order was entered in 631 (461), which was a cause between the City of Selma and Bell Norris, represented by entirely different counsel. There has been no trial of the cause No. 630 (460).

Whether the remedy for such a mistake as has been committed be called the correction of a clerical error by virtue of the statutes of amendments, or a writ of error *coram vobis,* it is within the jurisdiction of the Circuit Court to reinstate the case on the docket, to set aside the judgment purporting to have been rendered, because it was not in fact rendered, and to place the case in the same situation it was when the judgment was entered. The plaintiffs are not entitled to a judgment for damages, because the defendant has not had an opportunity of defending. *Moore* v. *Easley,* 18 Ala. 619 ; *Holford* v. *Alexander,* 12 Ala. 280 ; Bacon's Abr. *Error,* J. 6, K. 2.

The judgment is reversed, and the cause remanded.