139 So.2d 590

**Frank SMITH**

v.

**SOUTHEASTERN REAL ESTATE CORPORATION et al.**

**6 Div. 615.**

Supreme Court of Alabama.

March 29, 1962.

W. S. Pritchard, Jr., Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellant.

London, Yancey, Clark & Allen and Jas. E. Clark, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal from a decree granting a rehearing in a suit in equity, together with an alternative motion for mandamus.

Appellant (complainant) Frank Smith filed a bill of complaint in equity against Southeastern Real Estate Corporation and other parties, to enforce a mechanic's and materialman's lien. Appellees (respondents) filed answer denying any indebtedness due appellant. On the hearing on testimony given before the court, evidence was introduced and admitted (though there were no pleadings to support it), of an agreement on the part of appellee to pay a bonus for each day saved on the contract period for the work being performed by appellant, with a corresponding agreement by appellant to pay an equal amount as penalty or liquidated damages for each day required to complete the work beyond this period. Appellant apparently failed to complete the work on time, but sought to justify the delay.

Following submission on pleadings and evidence, a final decree was rendered awarding complainant substantially the amount claimed, and denying respondent Southeastern credit or set off for the penalty or damage claimed upon the stated ground that this claim had not been set up by cross-bill or other appropriate pleading. Thereupon Southeastern filed an application for rehearing. The court then entered the following order:

"THIS CAUSE coming on to be heard upon motion of Respondent, Southeastern Real Estate Corporation, a Corporation, to set aside the decree of this Court, and the submission upon which said decree was based; having considered said motion, is of the opinion that same should be granted; it is, therefore,

"ORDERED, ADJUDGED AND DECREED by the Court that the motion of Respondent, Southeastern Real Estate Corporation, a Corporation, to set aside the decree of this Court be and

the same is hereby granted and the motion to set aside the submission upon which said decree was based be and the same is hereby granted to the extent that this Court will allow an amended cross-bill to be filed by complainant to properly raise the issue concerning the claim of Respondent, Southeastern Real Estate Corporation, a Corporation, against said Complainant, Frank Smith; and that a resubmission is hereby ordered only to the extent of the issues as raised by the said amended cross-bill."

It is from this decree that appellant has appealed and in the alternative sought mandamus.

Appellant concedes that there may be a question as to whether the action of the trial court on the application for rehearing is reviewable by an appeal, but insists that the action by the trial court was an abuse of discretion which is reviewable by mandamus, citing Ex parte State ex rel. Brittain, 237 Ala. 164, 186 So. 148. Appellant mistakenly treats the motion of the respondent below (appellee here) as one seeking to amend respondent's answer after final decree, which is forbidden by Equity Rule 28 (d). Cases applying that rule are relied upon. Appellee's motion was for a rehearing and to set aside the final decree and the submission, and Equity Rule 62 is the controlling one. Ex parte State ex rel. Brittain, supra, dealt with a petition for mandamus "to require the court and the judge thereof to allow" relators "to offer additional evidence in a certain cause, after a submission for final decree". We there pointed out that for trial court to permit complainants to offer additional evidence, the court would have had to set aside the submission. We added that had a proper and timely motion to set aside the submission been made, the matter would have been addressed to the sound discretion of the court. We did not, as appellant assumes, hold that the action of the trial court upon such a motion, had it been presented, would be reviewable by mandamus.

■ This court, in cases seeking to review by appeal the action of the trial court upon a motion for rehearing, has consistently held, in consonance with the provision of Equity Rule 62, that no appeal will lie from an order or decree in equity granting or overruling a motion for rehearing, "unless it modifies the decree". In Van Schaick v. Goodwyn, 230 Ala. 687, 163 So. 327; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Scott v. Scott, 247 Ala. 266, 24 So.2d 25; Spurling v. Spurling, 250 Ala. 612, 35 So.2d 502; Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902, among others, we dismissed the appeals. In Linn v. Linn and Scott v. Scott, supra, we held specifically that a decree setting aside a final decree was not a modification within Rule 62.

As early as Ex parte Gresham, 82 Ala. 359, 2 So. 486, 488, this court denied mandamus, saying: "Rehearings in equity rest in the sound discretion of the chancellor, and, when the discretion is exercised, his decision is not revisable either on appeal or by mandamus". In Ex parte Upchurch, 215 Ala. 610, 112 So. 202, we again denied mandamus to review a decree granting respondent a rehearing by the trial court, quoting the foregoing statement in Ex parte Gresham. In the cases of Van Schaick v. Goodwyn, supra; Smith v. Bank of Blountsville, 262 Ala. 65, 77 So.2d 357, and Withers v. Burton, 268 Ala. 365, 106 So.2d 876, we reaffirmed the rule of irrevisability of such decrees.

■ Cases relied upon by appellant for a contrary conclusion dealt with actions taken by equity courts on motions under Rule 28(d) or with cases at law governed by entirely different rules. We point out, as we did in Scott v. Scott, supra, that the action of the trial court in setting aside the original decree is not final, but that the court has restored the cause to the docket for the purpose stated in the order and that after another hearing the court may again reach the conclusion it did in the original decree.

It results as our conclusion that the appeal must be dismissed and mandamus denied. So ordered.

Appeal dismissed; mandamus denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.