211 So.2d 896

**ALABAMA HIDE AND TALLOW COMPANY**

v.

**Robert PINCHEON.**

**8 Div. 266.**

Supreme Court of Alabama.

June 13, 1968.

Lanier, Price, Shaver & Lanier and Jas. E. Davis, Jr., Huntsville, for appellant.

Griffin & Griffin, Huntsville, for appellee.

KOHN, Justice.

This is a workman's compensation case which began August 26, 1966, when the appellee filed suit in the circuit court of Madison County to recover for an alleged disability he sustained while working for the appellant. The trial of the case began on January 4, 1967 and reached its conclusion on March 9, 1967. The court took the case under advisement, and on May 2, 1967, rendered the following judgment which was entered in the record. The judgment is set out verbatim, as it is the focus of the appellant's main contention.

"STATE OF ALABAMA    IN THE CIRCUIT COURT
MADISON COUNTY        CASE NO. 15317
ROBERT PINCHEON                          PLAINTIFF

VS.

ALABAMA HIDE AND TALLOW COMPANY,
a corporation                                    DEFENDANT

"This cause coming on to be heard upon the Petition of the Plaintiff for compensation under the Workmen's Compensation Laws of the State of Alabama and the Court having heard and considered same has found the following: that the earnings of the Plaintiff before his accident were $65.56 per week; that the maximum amount allowable under the Workmen's Compensation Laws is 65 per cent which amounts to $42.61; that the Plaintiff is disabled to the extent of 70 per cent of his ability to work; that 70 per cent of $42.61 equals $29.83; that the maximum number of weeks allowable for permanent-partial disability is 300 weeks; that $29.83 for 300 weeks equals $8,949.00; that the Defendant has paid $36.40 a week for 31 weeks to the Plaintiff totaling $1,128.40 leaving a balance due the Plaintiff of $7,820.60.

"It is therefore ordered, adjudged and decreed by the Court that the Plaintiff have and recover of the Defendant the aforesaid sum of $7,820.60 to be paid in a lump sum.

"This the 2nd day of May, 1967.

/s/   David R. Archer
David R. Archer
Circuit Judge"

On May 31, 1967, the defendant-appellant filed its petition for writ of certiorari in the Supreme Court of Alabama, this being the method of appeal in this type of case. Title 26, § 297, Code of Alabama 1940 (Recompiled Code 1958). This was granted by the Supreme Court on June 5, 1967.

On June 5, 1967, some 34 days after the original judgment had been rendered, the court below entered its findings of fact and conclusions of law, this being required by statute in Alabama. Title 26, § 304, Code of Alabama, 1940 (Recompiled Code 1958).

Later, on July 24, 1967, the plaintiff-appellee filed a motion to amend the judgment by nunc pro tunc proceedings. The amendment nunc pro tunc was granted by the trial court on October 3, 1967, over the objections of the defendant-appellant. This amendment also corrected the judgment of May 2, 1967, in that it supplied the findings of fact and conclusions of the trial court.

Although there are other points raised by the appellant in his brief, we feel that it is first necessary to decide whether the admitted invalid judgment, rendered by the court below on May 2, 1967, was corrected by either the supplementary Judgment Entry of June 5, 1967, or the amendment nunc pro tunc granted by the court on October 3, 1967. If it was not corrected by either of these proceedings, then it will not be necessary to consider the other assigned grounds of error.

■ The appellee, in his brief, argues that the entry in the record, dated May 2, 1967, was only a "memorandum opinion" and that the final judgment was rendered on June 5, 1967. He apparently bases this contention on the fact that when the trial judge entered his Findings of Fact and Conclusions of Law on June 5th, he referred to the May 2nd entry as a "memorandum opinion." We are, however, clear to the conclusion that the record entry of May 2nd was a final judgment rather than a memorandum opinion. The entry of May 2, 1967, is entitled "Judgment Entry" in the certified transcript, and even though it is

lacking in certain essentials, the court below ordered, adjudged, and decreed that the plaintiff recover from the defendant the sum of $7,820.60. This, we believe, constitutes a final judgment. Therefore, the Findings of Fact and Conclusions of Law entered by the court below on June 5, 1967, must be considered as a supplement to the original judgment of May 2, 1967, and as such unable to correct the original judgment because the supplement was entered out of term, i. e., more than 30 days after the rendition of judgment. Title 13, § 119, Code of Alabama, 1940 (Recompiled Code 1958), states:

" * * * and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; * * *."

The second argument of the appellee is that the judgment of May 2, 1967, was corrected by the amendment nunc pro tunc granted by the court below on October 3, 1967. In order to determine the validity of this contention, it is necessary to set out Title 7, § 567, Code of Alabama 1940 (Recompiled Code 1958).

"The circuit courts, or courts of like jurisdiction, may, at any time within three years after the rendition of final judgment, upon the application of either party, *amend any clerical error, mistake in the calculation of interest, or other mistake of the clerk or register,* and may direct the writing up of any judgment, when the order for judgment was made at a previous time and the clerk or register had failed at such previous time to enter such judgment on the minutes of the court, *when there is sufficient matter apparent on the record or entries of the court to amend by.* * * *" [Emphasis supplied.]

In the present case, we have the problem of whether the error of the court below in failing to include its Findings of Fact and Conclusions of Law in the judgment decree of May 2, 1967, is such a clerical error as may be corrected by an amendment nunc pro tunc.

This court, in a series of cases interpreting the above quoted statute, has held that a clerical error is not limited to an error made by the clerk, but that it can be made by the court or counsel, as well as the clerk. Ford v. Tinchant, 49 Ala. 567, 570; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125, 126; Busby v. Pierson, 272 Ala. 59, 128 So.2d 516, 519, 520. However, these and other cases have held that this error of the court must be clerical in nature and not an error in the judiciary function of the court.

In Ford v. Tinchant, supra, the court stated:

"Clerical errors, are not those alone which the clerk makes. They include all such, being matters of record, as intervene in the progress of a cause, whether committed by the court or the counsel, to which the judicial sanction or discretion cannot reasonably be said to have been applied. * * *"

In Busby v. Pierson, supra, the court held:

"* * * The effect of the nunc pro tunc decree here in question is not to amend or change a judgment, or to attempt to do something that was not actually done at the time by the trial court, but merely to place formally on the record a decree as it was actually pronounced or rendered by the court at the appropriate time and which was omitted from the original record only through error or oversight. * * *"

In Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 So. 640, 641, the court stated the rule as follows:

"The object of a judgment nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct juridical errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply nonaction by the court, however erroneous the judgment may have been. * * *"

In Tombrello Coal Co. v. Fortenberry, supra, the court stated: .

"We recognize the rule that nunc pro tunc amendments should never be the means of modifying or enlarging a judgment so that it would express something which the court did not pronounce, even though such amendment embraced matters that should have been clearly pronounced. * * *"

In Lewis v. Smith, 265 Ala. 620, 92 So.2d 886, 888, the court stated the rule as follows:

"* * * It was never intended by nunc pro tunc proceeding to permit the modification of a judgment or decree so as to make it adjudge something which the court did not in fact adjudge as evidenced by matter of record. * * *"

This rule has also been set out and followed in the following cases: Story Mercantile Co. v. McClellan, 145 Ala. 629, 40 So. 123, 124; Capital Transport Co. v. Alabama Public Service Commission, 268 Ala. 416, 108 So.2d 156, 161; Faddis v. Woodward Iron Co., 276 Ala. 283, 161 So.2d 486, 488.

In the case at bar, the error of the trial court was its failure to adjudge and render Findings of Fact and Conclusions of Law in support of the Judgment Entry which was rendered by the court on May 2, 1967. These Findings of Fact and Conclusions of Law are required by statute, to be entered

with the Judgment Entry. Title 26, § 304, Code of Alabama, 1940 (Recompiled 1958). The failure of the trial court to make and enter these findings must result in a reversal of the case. Pinkney v. James B. Clow & Sons, Inc., 277 Ala. 648, 173 So.2d 811, 812; Head v. Triangle Construction Co., 274 Ala. 519, 150 So.2d 389, 394; Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228, 229; Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345.

In light of the foregoing authorities, we hold that the trial court erred in granting the nunc pro tunc amendment, as this amendment was an attempt to correct an error that was judicial in nature rather than clerical. The rendering of, or, as in this case, the failure to render, the Findings of Fact and Conclusions of Law are a part of the judicial duty of the court as stated in Ford v. Tinchant, supra. Also, the nunc pro tunc amendment granted by the court below would, if allowed to stand, enlarge and modify the judgment of May 2, 1967, in that it expresses something, i. e., the Findings of Fact and Conclusions of Law, which the court below did not pronounce in its original judgment. This is true even though such matters should have been pronounced in the said judgment. This would be contrary to the rule stated in Tombrello Coal Co. v. Fortenberry, supra, which is set out above.

Therefore, the judgment of May 2, 1967, was not corrected by either the supplementary judgment of January 5, 1967, as it came too late, nor by the nunc pro tunc amendment of October 3, 1967, as the error of the court was judicial and not within the scope of an amendment nunc pro tunc. Thus, we must look at the judgment of May 2, 1967, as it stands alone. As the judgment does not contain the court's Findings of Fact and Conclusions of Law there must be a reversal of the case. Title 26, § 304, Code of Alabama, 1940 (Recompiled 1958). Pinkney v. James B. Clow & Sons, Inc., supra; Head v. Triangle Construction Co., supra; Richardson Lumber Co. v. Pounders, supra; Bryant v. Central Foundry Co., supra.

As this case must be reversed on this ground, we do not feel it necessary to decide the other assigned grounds of error raised by appellant.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.