236 So.2d 680

Betty Evans WILLIAMS and
Martha Evans Martindale

v.

Christine EVANS.

6 Div. 779.

Supreme Court of Alabama.

June 11, 1970.

Jere Campbell, Tuscaloosa, for appellants.

Richard C. Shelby and J. Knox Argo, Tuscaloosa, for appellee.

BLOODWORTH, Justice.

Appellants (complainants below) appeal from a final decree in equity denying the relief prayed for in their bill of complaint which sought to set aside a deed for undue influence, and from a decree overruling their application for rehearing.

Appellants are daughters of Christine Evans (the appellee) and Elmer Evans. On May 28, 1968 Christine and Elmer Evans were divorced. The next day Elmer Evans executed the deed in question to Christine Evans reciting as the consideration, "property settlement in divorce action [and] the sum of Five and no/100 ($5.00) Dollars." The bill alleges Elmer Evans was the victim of undue influence practiced on him by appellee Christine Evans. After appellee's demurrer to the bill was overruled, an answer was filed. The cause proceeded to trial and after a hearing the case was sub-mitted upon bill, answer and testimony taken orally before the court.

Thereafter, the trial court rendered a final decree denying the relief prayed for in the bill. The appellants filed an application for rehearing which was overruled by the court. Appellants then gave notice of appeal both from the final decree denying the relief sought and from the decree overruling the application for rehearing.

Appellants have made four assignments of error. Only the first assignment is argued in their brief. It is, "The court erred in overruling the application for rehearing of the appellants." This assignment of error is without merit. A decree of a court of equity overruling an application for rehearing (which does not modify the decree) is not reviewable on appeal. Equity Rule 62; Employers Ins. Co. of Alabama v. Cross, 284 Ala. 505, 226 So.2d 161 (1969); Creel v. Baggett Transportation Co., 284 Ala. 47, 221 So.2d 683 (1969). Therefore, appellants "can take nothing by assignments which assert error in the decree overruling the motion for rehearing." Creel v. Baggett Transportation Co., supra.

The only decree which appellants might be entitled to have reviewed is the final decree denying the relief sought in the bill. But, this review is not available to them because they have made no argument based on the other three assignments of error. "Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court." Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI; Stallworth v. Doss, 280 Ala. 409, 194 So.2d 566 (1967).

We have carefully read the briefs submitted and have concluded there is no reversible error in this case.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.