239 So.2d 203

Earnest Glyn **CARROLL**

v.

Lois Adeline **CARROLL.**

6 Div. 64.

Court of Civil Appeals of Alabama.

Sept. 9, 1970.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellant.

George M. Higginbotham, Bessemer, for appellee.

BRADLEY, Judge.

On the 16th day of September 1969, the appellee here, Lois Carroll, filed a Bill of Complaint in the Circuit Court of the Tenth Judicial Circuit of Alabama, Bessemer Division, against the appellant, Earnest G. Carroll, seeking a divorce a mensa et thoro, solicitor's fees and support and maintenance pendente lite and permanently.

Appellant answered the Bill of Complaint by denying the allegations thereof and, in addition, filed a Cross-Bill of Complaint, praying that he be granted a divorce a vinculo matrimonii.

Appellee then amended her complaint and appellant answered the amended complaint.

Trial was commenced on December 1, 1969 and on December 3, 1969 the trial court decreed that appellee was entitled to a decree of separate maintenance, but not a divorce from bed and board. The court also awarded appellee support in the amount of $135 a month, plus attorney's fees of $150 payable, if desired, at the rate of $25 per month until the full amount was paid.

Appellant applied for a Rehearing before the trial court and this was denied; thereupon appellant appealed to this court the denial of his request for a rehearing of the case.

The appellant made four assignments of error in the record but argued only one assignment—the third—in his brief.

Supreme Court Rule 9 provides that assignments of error not argued in brief are deemed waived and will not be considered by the appellate court. Therefore, assignments of error one, two and four will not be considered by this court.

Assignment of error three questions the award of a support allowance to the appellee by the trial court in its decree of December 3, 1969, and the excessive amount of said award.

However, the notice of appeal filed by appellant provides that he is appealing from the order overruling his application for rehearing which was rendered by the trial court on April 13, 1970. The Bond

for Cost on Appeal approved on May 5, 1970, and the Citation of Appeal, executed on May 7, 1970, also provide that appellant has appealed from the order of the trial court overruling the application for re-hearing made on April 13, 1970.

Rule 62 of the Alabama Equity Rules provides that no appeal will lie from an order overruling an Application for Rehearing in an equity case unless said order modifies the final decree.

█ In the case at bar the order overruling the application for rehearing not being such an order or decree that will support an appeal to this court, the appeal taken in this case is dismissed. Boyett v. Tindell, 279 Ala. 248, 184 So.2d 155.

Appeal dismissed.