256 So.2d 189

**Woodrow NETTLES**

v.

**Ethel Mae NETTLES.**

**1 Div. 57.**

Court of Civil Appeals of Alabama.

Nov. 24, 1971.

Rehearing Denied Dec. 22, 1971.

Howell, Johnston, Langford & Finkbohner, Mobile, for appellant.

Gallalee, Denniston & Edington, and Horace Moon, Jr., Mobile, for appellee.

WRIGHT, Judge.

This cause was first begun with the filing of a bill of complaint for divorce by appellee, Ethel Mae Nettles, against Woodrow Nettles in the Circuit Court of Mobile County on May 26, 1966. Hearing was

held ore tenus on January 4, 1968. There appears in the transcript an order of submission for final decree dated January 4, 1968. There is an order for resubmission with ten days allowed for filing of briefs dated January 16, 1968. There next appears an answer and cross-bill filed April 22, 1968, and another order of re-submission for final decree upon pleadings and testimony "heard this day in open court," dated June 26, 1968. There is no transcript of any evidence heard by the court on that date. There then appears a final decree dated June 27, 1968.

The final decree found that the bill of complaint of complainant was not supported by the evidence and the same was dismissed out of court. The cross-complaint praying for an annullment of the marriage on the ground that the wife, appellee here, had a living husband at the time of her marriage to cross-complainant from whom she had not been legally divorced, was found to be sustained by the evidence and the marriage was held void ab initio. It was further decreed that the parties were tenants in common in the "homeplace" of the parties, (quotation marks ours) and said homeplace was particularly described in the decree as a square of land, 60'x60'x60'x60', said description being by metes and bounds in relation to various points and distances on the ground in fractional section 12, Township 1 North, Range 1 West in Mobile County, Alabama.

Cross-complaint was directed to convey all of his rights, title and interest in and to said "homeplace" to appellee within 30 days. Title to other properties accumulated by the parties during their void marriage was directed to be divested out of appellee into appellant.

Ethel Mae Nettles filed notice of appeal. Woodrow Nettles conveyed the property described in the decree to Ethel Mae Nettles, and the register conveyed title to the other properties to Woodrow Nettles. The appeal from the decree was dismissed on motion by the Supreme Court of Alabama on January 23, 1969.

Subsequent to dismissal of the appeal various motions and requests for writs of assistance and rules nisi were filed by Woodrow Nettles. These grew out of alleged failures of Ethel Mae to abide by the original decree. During the pending of the case the parties have changed attorney's about as frequently as there have been pleadings filed.

On July 15, 1970, present attorney for Ethel Mae filed a petition entitled a petition for modification, together with a motion to appoint a surveyor to prepare a plat of the "homeplace."

The allegations of these petitions were that the description of the "homeplace" in the original decree did not in fact describe it, but rather was a description of a vacant tract of land. The court was requested to appoint a surveyor to locate and properly describe the homeplace, and that upon receipt of such proper description the decree be modified so that a proper conveyance could be made of the "homeplace" to Ethel Mae as directed therein.

On November 6, 1970, a decree was entered. The portion thereof pertinent to this appeal appears as follows: "Order Modifying Decree, Directing Register to Execute Deed Conditionally; Determining Arrearage and Directing Complainant to Satisfy Same, and Taxing Costs.

"It appears to the court that a petition for modification has been filed by the above Complainant, and it also further appears to the Court that in the final decree entered in this cause on June 27, 1968, the Court found inter alia that the parties were tenants in common in the 'homeplace' of the parties and directed the Respondent and Cross-Complainant Woodrow Nettles to convey to Complainant Ethel Mae Nettles, all of his right, title and interest in and to said 'homeplace', and it also further appears to the Court that the said decree was incorrect as to the legal description of said 'homeplace' in that by the plat as submitted with the petition and prepared by

Bedsole Surveying Company on October 19, 1970, said 'homeplace' in the decree described a vacant tract of land with perimeter boundaries of 60 feet by 60 feet, and does not in any way encompass the 'homeplace,' and it also further appears to the Court that the Complainant Ethel Mae Nettles, is residing in the 'homeplace' and has continuously occupied the same since the execution of the decree and that a true and correct description of the said 'homeplace' is shown on the plat of survey as prepared by Bedsole Surveying Company as Parcel 'B' on said plat and that the said petition should be granted and the decree modified and the Register directed to execute a Register's deed to the Complainant, * * * "

 The appeal to this Court was from the decree quoted from above, rendered November 7, 1970. Appellant has made four assignments of error. After consideration, we think the assignments of error are in reality only two. The primary matter involved in the objections to the decree of November 7, 1970 is whether the court was empowered under Title 7, Section 567, and Equity Rules 63 and 65, to amend nunc pro tunc its decree rendered June 27, 1968.

The decree of June 27, 1968, was a final decree and after the expiration of thirty days from the date thereof, the court lost all power to alter it, except for clerical errors contained therein, there having been no motion for rehearing duly filed. Equity Rule 65. Neither was there any power to modify after thirty days had expired. It is only in matters involving custody and support that a court of equity has inherent power to modify a final decree, upon proof of changed circumstances. Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724; Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212; Manery v. Manery, 256 Ala. 441, 55 So.2d 194. There being no such issues involved in the final decree of June 27, 1968, there was no authority of modification of said decree after thirty days. There only remained authority in the court to implement or enforce the carrying out of the provisions of said decree by contempt proceedings or upon petition, the directing of ancilliary relief.

Therefore, the question remaining to be answered is—Was the court under authority of Equity Rule 65 and Title 7, Section 567, Code of Alabama 1940, empowered to amend the judgment of June 27, 1968, nunc pro tunc?

Section 567 reads as follows:

"Section 567. Amendment within three years; when allowed.—The circuit courts, or courts of like jurisdiction, may, at any time within three years after the rendition of final judgment, upon the application of either party, amend any clerical error, mistake in the calculation of interest, or other mistake of the clerk or register, and may direct the writing up of any judgment, when the order for judgment was made at a previous time and the clerk or register had failed at such previous time to enter such judgment on the minutes of the court, when there is sufficient matter apparent on the record or entries of the court to amend by. No cause shall be reversed for such error or defect by the appellate court, unless the court of original jurisdiction refused to make the amendment."

There are many cases construing the effect and purpose of this statute. Ford v. Tinchant, 49 Ala. 567; Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144; Ex parte Sharp, 259 Ala. 652, 68 So.2d 545; Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125; Ala. Hide & Tallow Co. v. Pincheon, 282 Ala. 404, 211 So.2d 896. The principle enunciated by the cases is that the purpose of a nunc pro tunc amendment is to place on the record a decree as it was actually pronounced or rendered in the first place, but which decree as originally written, because of a clerical error, does not accurately reflect that which the court actually rendered. Such clerical error may consist of error of commission or omission. The fact of clerical

error must be supported by the record of the proceedings.

It was stated by the Court in Lewis v. Smith, 265 Ala. 620, 92 So.2d 886 as follows: "It was never intended by nunc pro tunc proceeding to permit the modification of a judgment or decree so as to make it adjudge something which the court did not in fact adjudge as evidenced by matter of record. * * *"

■ The purpose of a decree nunc pro tunc is to place in proper form on the record, the judgment previously rendered to make it speak the truth, so as to show what the judicial action really was. It.is not to be used to render a new judgment and determine new rights or to correct juridical errors of nonaction or to render the judgment which the court should have rendered on the facts and issues presented, no matter how clearly erroneous the judgment or decree may have been. Wilmerding v. Corbin Banking Co. 126 Ala. 268, 28 So. 640; Tombrello Coal Co. v. Fortenberry, supra; Ala. Hide & Tallow Co. v. Pincheon, supra.

■ The court in the instant case, by its original decree directed that the appellee be vested with title to the "homeplace" and then undertook to describe said homeplace by a metes and bounds description. Such description was not of the homeplace but was vacant land. The granting to appellee of the "homeplace" was a juridical direction. The failure to properly describe the "homeplace" was a clerical error. The record clearly discloses what the juridical action really was—to give to appellee the homeplace of the parties. There remained only the proper description thereof for carrying out the juridical direction. The error in so doing is properly correctable by decree nunc pro tunc. Tombrello Coal Co. v. Fortenberry, supra. The court below properly entered such decree.

■ Appellant charges error in the failure of the decree allowing the amendment nunc pro tunc to provide for reconveyance to him of the property conveyed by him to appellee under the original decree.

It is only equity that such should be done. It is clear from the original decree that appellant was to have title to all properties accumulated by the parties during their void marriage, except the homeplace. The court should place the parties in the positions intended as shown by the decree. The matter is remanded to the court for such order and decree as necessary to do so. Upon such correction the decree of the court is affirmed.

Matters presented by appellant as to the judicial correctness of the court's findings and orders of the decree of June 27, 1967, are not properly before us on this appeal and are not for our consideration.

The case is affirmed with directions.

Affirmed with directions.

## ON REHEARING

Appellant on motion for rehearing charges that in our original opinion we "side-stepped," "brushed aside" and "swept under the rug" his Assignments of Error 3 and 4. Since appellant informs us that his application and brief on rehearing is preparatory to filing petition for certiorari to the Supreme Court, we extend our original opinion so that there will be no problem in the filing of the petition.

Appellant's Assignments of Error 3 and 4 stated that the trial court erred in awarding to appellee a lot of land 272.69 feet by 198 feet by its decree of November 6, 1970, because there was no basis in the pleadings or the evidence by which such relief could have been granted by the court in its original decree of June 27, 1968. In other words, since the court erroneously entered its decree of June 27, 1968, it was erroneous for the court to amend it nunc pro tunc on November 6, 1970.

■ We thought the last sentence of our original opinion made clear that the judicial correctness of the court's decree of June 27, 1968, was not before us on,this

appeal. If the court erred in its decree of June 27, 1968, that error was necessary to have been the subject of appeal within six months thereafter. Title 7, Section 788, Code of Alabama 1940. Appellant took no such appeal.

The matter before this court came upon appeal from an order or decree dated November 6, 1970, amending nunc pro tunc the prior decree of June 27, 1968. The matter of whether the court erred in entering the decree of June 27, 1968, was in no way before us on this appeal. There having been no appeal within six months from June 27, 1968, the correctness of that decree cannot be now considered by this court merely because it was amended nunc pro tunc on November 6, 1970.

We hope this extension of our original opinion will enable appellant to better proceed with certiorari.

Rehearing overruled, opinion extended.