274 So.2d 84

**Buehi BUCHANAN**

v.

**Louise BUCHANAN.**

**Civ. 5.**

Court of Civil Appeals of Alabama.

Feb. 21, 1973.

Ramsey & Ramsey, Dothan, for appellant.

Farmer & Farmer, Dothan, for appellee.

WRIGHT, Presiding Judge.

Suit for divorce was filed against appellant. Upon failure to respond to service of process, decree pro confesso was entered. Testimony was taken, submission was had and final decree rendered on March 16, 1972. On March 28, 1972, appellant filed a motion to set aside the final decree. Such motion is more properly termed a motion for rehearing, and is brought under the provisions of Equity Rule 62. The court set the motion for hearing before the court on April 18, 1972. On that date, appellant failed to appear in person and his counsel withdrew his appearance for him. A copy of such withdrawal was mailed by counsel to appellant. The court entered no order on April 18 ruling on the motion or continuing the motion for another time. Whether the motion expired at this time is not raised by appellant or appellee.

On April 20, 1972, appellee, plaintiff below, filed an instrument styled a motion to modify. On April 26, 1972, the court entered an order setting for oral hearing on June 9, 1972, appellee's motion to modify the final decree. In the same order there was set for hearing on the same date—

June 9—the motion of counsel to withdraw his appearance and the motion of appellant for rehearing of the final decree. This order was directed, together with a copy of the motion to modify, to be served on appellant by the sheriff. Such service was executed on April 28, 1972.

Hearing, involving taking of oral testimony, was duly held before the court on June 9, 1972. An order was entered on the same date denying appellant's motion for rehearing or to set aside the final decree. In the same order, appellee's motion to modify was granted and the original decree was modified or amended by striking from the original decree a paragraph and substituting in lieu thereof another granting additional relief.

■ Appellant appealed from the decree or order of June 9, 1972, denying the motion to set aside or rehear the final decree. Such decree on rehearing will not support an appeal and the same must be dismissed. Equity Rule 62. Williams v. Evans, 286 Ala. 20, 236 So.2d 680; Carroll v. Carroll, 46 Ala.App. 131, 239 So.2d 203.

Appellant, along with this appeal, has filed a petition for writ of mandamus directed to the judge who entered the decree on June 9, 1972, modifying the final decree of divorce, ordering him to vacate said decree. It is the contention of petitioner that the motion to modify by plaintiff was in fact a motion for rehearing, which was filed on April 20, 1972, more than thirty days after the decree of divorce rendered on March 16, 1972. Thus the trial court was without jurisdiction to hear said motion or grant relief therein requested.

■ If as contended by petitioner, the court was without jurisdiction or power to render the decree of June 9, 1972 modifying the decree of divorce, mandamus is the proper method to obtain relief. Ex parte Myers, 246 Ala. 460, 21 So.2d 113.

The original decree of March 16, 1972, in addition to granting a divorce and other

relief to plaintiff, contained paragraph 5 as follows:

"That the defendant is ordered and directed to convey title to the home situated 407 Headland Avenue, Dothan, Alabama, to the plaintiff, Louise Buchanan."

The decree as modified appears as follows:

"That the motion of the plaintiff to modify said decree be and the same is hereby granted by striking paragraph (5) of said decree and in lieu thereof insert the following:

"(5) That the defendant shall convey to the plaintiff as alimony in gross within ten days of the date hereof the following described parcel of real estate:

"One lot of land together with all improvements thereon described as follows: Lot No. 3, Block 'A' in the Honeysuckle Hill addition to Dothan, as per plat of said addition recorded in Plat Book 1, at page 31, of the Houston County Probate Office.

"That upon the defendant's failure to convey said property as aforesaid, the Register shall make said conveyance by Register's Deed."

It is evident that the motion to modify was not filed within thirty days from the final decree. After thirty days the court lost any power to set aside the final decree or change the relief granted therein, there having been no motion for rehearing filed by plaintiff. Equity Rule 65. In brief and oral argument appellee has hinted that the change or modification effected in the original decree is merely an amendment nunc pro tunc as allowed by Equity Rule 65 and Title 7, § 567. A comparison of the original decree and the modified decree discloses that a new and different relief was granted by the modification. It was considerably more than the correction of a mistake in the writing up of the relief actually granted by the court.

We said in Nettles v. Nettles, 47 Ala. App. 448, 256 So.2d 189, that "The purpose of a decree nunc pro tunc is to place in proper form on the record, the judgment previously rendered to make it speak the truth, so as to show what the judicial action really was. It is not to be used to render a new judgment and determine new rights or to correct judicial errors, non-action, or to render the judgment which the court should have rendered on the facts and issues presented, no matter how clearly erroneous the judgment or decree may have been. Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 So. 640; Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125; Ala. Hide & Tallow Co. v. Pincheon, 282 Ala. 404, 211 So.2d 896."

There is nothing in the record to indicate any clerical error or failure to write into the first decree a judgment not actually rendered by the court. To the contrary, the first decree was rendered in accordance with the testimony and relief requested. It would appear that the giving of the home to the appellee in the first decree was a property settlement, as there was also given to her in a separate paragraph alimony and support for the child. In the modified decree appellee is given the lot on which the home and apartment is located, as alimony in gross, yet the paragraph giving her alimony in payments jointly with support for the child is not changed. How she could be given both alimony in gross and also monthly payments is not clear to us.

Thus, we find that there was no request for rehearing filed by appellee within thirty days, nor is the second decree merely an amendment nunc pro tunc.

■■ Since the second decree was not entered under authority of either a seasonably filed motion for rehearing nor as an amendment nunc pro tunc, we must hold that it was done without authority or power of the court. It could not have been done under the inherent power of an equity court to modify a final decree involving custody and support, for it was not done upon proper petition and proof showing a

change in circumstances since the original decree. Such are the requirements of a modification made after expiration of time for rehearing. Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724; Nettles v. Nettles, supra.

Therefore, the petition for writ of mandamus must be granted. The Honorable Don P. Bennett, Judge, Houston County Court, Houston County, Alabama, is hereby directed to vacate and set aside the decree of June 9, 1972, insofar as it attempted to modify the divorce decree of March 16, 1972.

The appeal is hereby dismissed. The petition for Writ of Mandamus is hereby granted.

Appeal dismissed. Petition for writ of mandamus granted.

BRADLEY and HOLMES, JJ., concur.