274 So.2d 87

**Joe Wheeler BLACKWOOD, as guardian of Nina F. Kilpatrick, a non compos mentis**

**v.**

**Troy KILPATRICK.**

**Civ. 141.**

Court of Civil Appeals of Alabama.

Feb. 28, 1973.

Miles T. Powell, Decatur, for appellant.

Powell & Powell, Decatur, for appellee.

**532**

HOLMES, Judge.

This is an appeal from a decree of the Morgan County Court granting a rehearing in a suit in equity, together with an alternative motion for mandamus.

The parties were divorced in Morgan County in 1964. An agreement between the parties was incorporated in the court's decree. The original divorce decree, among other provisions, required the appellee-husband to pay to appellant-wife (who brings this action by and through her guardian) the sum of $500 per month as alimony. This sum was to be paid until appellant remarried.

The appellant, through her guardian, in 1971, filed a petition in equity alleging that appellee was in arrears in his alimony payments and that he should be held in contempt.

A lengthy hearing was held on appellant's petition and thereafter a final decree was entered by the trial court finding that appellee was in contempt and in arrears in alimony payments in the amount of $26,000.

Thereafter, appellee made a timely motion for rehearing which the court granted. It is from this order that appellant appeals to this court.

Appellant's assignments of error are:

1. "The Court erred in its Order granting a re-hearing to the Appellee, dated September 5, 1972 (Tr. 236)."

2. "For that the Court abused its discretion in granting the Appellee a re-hearing in its Order dated September 5, 1972 (Tr. 236)."

Appellant, while perhaps conceding that an appeal would not lie, in her able brief attempts to rely on the case of Grigsby v. Liles, 274 Ala. 67, 147 So.2d 846, for the proposition that mandamus is an appropriate remedy in this case in that the trial court, in granting a rehearing and vacating its judgment, abused its discretion or was plainly and palpably wrong. The *Grigsby* case, *supra,* is not applicable in this instance as *Grigsby* was a case at law and not equity.

The Supreme Court of Alabama, in Smith v. Southeastern Real Estate Corp., 273 Ala. 315, 139 So.2d 590, stated that in cases seeking to review by appeal the action of the trial court upon a motion for a rehearing, in consonance with the provision of Equity Rule 62, no appeal will lie from an order or decree in equity granting or overruling a motion for rehearing, unless it modifies the decree. See Van Schaick v. Goodwyn, 230 Ala. 687, 163 So. 327; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Scott v. Scott, 247 Ala. 266, 24 So.2d 25; Spurling v. Spurling, 250 Ala. 612, 35 So.2d 502; Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902. In all of the above cases the appeals were dismissed. In Linn v. Linn and Scott v. Scott, *supra,* the supreme court specifically held that a decree setting aside a final decree was not a modification within Equity Rule 62. Therefore, it is clear that in this instance, appeal would not lie from the trial court's action granting the motion for a rehearing. See also Williams v. Evans, 286 Ala. 20, 236 So.2d 680; Carroll v. Carroll, 46 Ala.App. 131, 239 So.2d 203.

The Supreme Court of Alabama, in Ex parte Gresham, 82 Ala. 359, 363, 2 So. 486, 488, in denying mandamus, stated that "Rehearings, in equity, rest in the sound discretion of the chancellor, and, when the discretion is exercised, his decision is not revisable, either on appeal, or by *mandamus*." See Smith v. Southeastern, *supra*; Ex parte Upchurch, 215 Ala. 610, 112 So. 202.

The trial court's action in this instance, in setting aside its decree, is not final. The court, by its order, returned the cause to the docket and specifically set the matter for trial at a future date. After another hearing it may well be that the court may again reach the conclusion it did in its original decree.

It, therefore, necessarily is our conclusion that the appeal must be dismissed and the mandamus denied. So ordered.

Appeal dismissed. Mandamus denied.

WRIGHT, P. J., and BRADLEY, J., concur.