294 So.2d 753

**Joe Wheeler BLACKWOOD, as guardian of Nina F. Kilpatrick, a non compos mentis**

v.

**Troy KILPATRICK.**

**Civ. 302.**

Court of Civil Appeals of Alabama.

April 17, 1974.

Rehearing Denied May 15, 1974.

James C. Francis, Decatur, for appellee.

Miles T. Powell, Decatur, for appellant.

HOLMES, Judge.

This is an appeal from a decree of Morgan County Court finding the appellee not to be in contempt.

The pertinent part of the decree is as follows:

"The Court finds the Respondent paid the $500.00 monthly obligation through the payment due December, 1967. Since that time no payments have been made.

"It is the finding, opinion, and judgment of the Court that Nina Faye Kilpatrick did in fact and in law enter into a common law marriage with one, Les Davis, during the fall of 1967, and as alleged and proven by Respondent. It is therefore the finding of the Court that the obligation of the Respondent to make the $500.00 monthly alimony payment was terminated.

"Upon due consideration it is therefore,

"ORDERED, ADJUDGED AND DE-CREED by the Court that the petition of Joe Wheeler Blackwood, as guardian of Nina Faye Kilpatrick, a non compos mentis, should be and the same is hereby dismissed. The Respondent, Troy Kilpatrick, is found and held by the Court not to be in contempt it being the finding of the Court that his failure to make the alimony payments earlier prescribed was justified and proper. It is the finding of the Court that Nina Faye Kilpatrick (Davis) remarried during the fall of 1967, thereby terminating the obligation of the Respondent to make the aforementioned alimony payments. The Register shall forthwith provide copy of this order to the solicitors of record. Costs of this proceeding are taxed to the Petitioner for which execution may issue."

Appellant's dispositive assignment of error is that the court's finding is contrary to the law and the evidence in the case.

The record reveals that appellee and appellant's ward were divorced in Morgan County in 1964. An agreement between appellee and appellant's ward was incorporated in the court's decree, and provided that the appellee was to pay to appellant's ward the sum of $500 per month as alimony. By the terms of the decree this sum was to be paid until the appellant's ward remarried.

In 1971, the appellant filed a petition in equity alleging that appellee was in arrears in his alimony payments and that he should be held in contempt. After a hearing *ore tenus* was held, the learned trial judge found the appellee to be in contempt and the alimony arrearage to be $26,000. Thereafter, the court granted a rehearing and this action was appealed to this court and our decision may be found at 49 Ala. App. 531, 274 So.2d 87 (Blackwood v. Kilpatrick).

After this court's action, the trial court took some additional testimony on rehearing and thereafter entered the decree set out herein above.

As seen from the trial court's decree, the court determined that appellant's ward entered into a common law marriage in the fall of 1967 and, therefore, no alimony was

**508**

due after this date. Appellant in brief contends the court erred in this finding in that there could not have been a marriage between appellant's ward and one Les Davis in that Les Davis was, in fact, married to someone else in the fall of 1967.

The record reveals that the alleged marriage between appellant's ward and Les Davis took place in the State of Florida during the period of August through December of 1967. Both the laws of Alabama and the State of Florida recognize common law marriage. See Kelly v. Kelly, 247 Ala. 316, 24 So.2d 265; Roebuck v. Hooie, 250 Ala. 363, 34 So.2d 460. However, before such marriage can exist, both parties must be in a position to contract marriage. That is to· say, there cannot be a living spouse of either party. As this court stated in Lindsey v. Lindsey, 48 Ala.App. 495, 266 So.2d 298, where prior marriage had not been dissolved at the time husband subsequently married another, the second marriage is void. See also Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135; 14 Ala.Dig. Marriage ⊕11. This is also the law in the State of Florida. See Porter v. La Fe, 68 So.2d 602 (Fla.1953); Fincher v. Fincher, 55 So.2d 800 (Fla. 1952).

There is ample evidence in this case upon which the trial court could have concluded that the appellant's ward and Les Davis cohabited with each other in the fall of 1967 and held themselves out as husband and wife; however, the evidence is equally as clear that at this time Les Davis had a living spouse, one Delanie Davis. The fact of Les Davis having a living spouse was proved by the introduction without objection of a court file of divorce proceeding between Les Davis and Delanie Davis. Furthermore, it was admitted by counsel and stated by the trial court that that Les Davis in the aforementioned divorce action was one and the same Les Davis involved in the alleged remarriage of appellant's ward. This file clearly reveals that Les Davis had a living spouse

in the fall of 1967 and was not divorced from this spouse until the 23rd day of July, 1969. In view of the above, this court is clear to the conclusion that there could not have been a common law marriage between appellant's ward and Les Davis in the fall of 1967.

Counsel for appellee, who has favored this court with an excellent brief, contends that even if there could be no valid marriage between appellant's ward and Davis prior to 1969, there was a valid .common law marriage thereafter (created in Alabama), and he argues that there is evidence to ˙support a finding that there was a common law marriage after 1969. Appellee relies upon the proposition of law as stated in Matthews v. Matthews, 259 Ala. 332, 335, 67 So.2d 22, 24:

"[T]hat where parties who are competent to marry enter an illicit relation, with the manifest desire and intention to live in a marital union, rather than in a state of concubinage, and the obstacle to their marriage is subsequently removed, their continued cohabitation raises a presumption of an actual marriage immediately after the removal of the obstacle and warrants a finding to that effect. (Citations omitted)"

See also Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Prince v. Edwards, 175 Ala. 532,. 57 So. 714. The above stated proposition is appropriate in the above cited cases, but has no application in the instant case as there is no evidence of appellant's ward and Les Davis having continued cohabitation. The only evidence regarding this aspect is from the appellee himself and this testimony, when read carefully, only reveals that appellee saw Davis's car at the home of appellant's ward on several occasions. Additionally, on cross-examination, appellee testified he saw Davis with his ex-wife but not at her home. (The record does not reveal where he saw them or under what condition.) In Alabama, for a common law marriage to exist there should be an actual and mutual agreement to enter

into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract, consummated by their cohabitation as man and wife or their mutual assumption openly of marital duties and obligations. Brown v. Brown, 276 Ala. 153, 159 So.2d 855. The above stated evidence cannot be said to establish such a relationship even when coupled with the evidence of the activities of appellant's ward and Les Davis in Florida in 1967. In Vinson v. Vinson, 260 Ala. 254, 69 So.2d 431, our supreme court held that even where a woman cohabited with and had a child by a married man and, after his divorce, shared his house with him on occasion for eight years, but neither party held themselves out to the public as man and wife, a common law marriage did not exist, since elements of cohabitation and reputation are equally essential to establish intent.

■ Appellee further contends that appellant's ward waived any claim to alimony payments later than 1967 by her actions and is therefore estopped to so claim. Additionally, appellee contends that "the claim" of appellant's ward is barred by laches. We here note that the trial court made no such finding as is clearly indicated by its decree. The trial court clearly based its decision on the alleged remarriage of appellant's ward. We have held there was no remarriage. Therefore, the court erred and the case is due to be reversed and remanded. However, it would appear that neither waiver-estoppel or laches would apply in the instant case as the past due installments of alimony have become a debt of record, i. e., a judgment in favor of the wife. See Epps v. Epps, 218 Ala. 667, 120 So. 150.

While what follows might be considered obvious, we note that the case must be remanded in view of the court's specific finding upon which it based its conclusion, and it would be inappropriate for this court to express its opinion as to the ultimate decision on the question of contempt.

Allowing all appropriate presumptions, the trial court is due to be reversed.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.