PITTMAN, Judge.
This appeal and the petition for a writ of mandamus, both arising from a divorce action filed by Tina Whitt Cooney (“the wife”) against Peter Patrick Cooney, Jr., *904 (“the husband”) have been consolidated for purposes of writing one opinion.
On December 1, 2000, the wife filed for divorce from the husband; the husband subsequently answered the complaint, reserving his right to file a counterclaim at a later date. On January 22, 2001, the husband and wife filed a joint stipulation for a dismissal, which the trial court granted. On February 20, 2001, the trial court’s case action summary notes that a “motion to reverse stipulation of dismissal of complaint” was filed, and on February 22, 2001, the trial court granted the motion, and the case was reinstated. The husband then filed a counterclaim on April 4, 2001, averring the parties were in fact not married because at the time of their purported marriage, the wife was still married to her former husband. The husband asked that the parties’ marriage be annulled, that he be given custody of their unborn child, and that certain of his personal property be returned to him.
On May 10, 2001, the wife filed a motion to dismiss the action and the counterclaim, or, in the alternative, for a judgment on the pleadings or for a summary judgment. On May 11, 2001, the trial court held a hearing on all outstanding motions. On May 25, 2001, the trial court granted the wife’s motion to dismiss. This dismissal is the subject of both the appeal and the petition for writ of mandamus filed by the husband.
The husband argues three issues on appeal; that the trial court erred by: (1) dismissing the case without hearing testimony; (2) entering a summary judgment without a hearing; and (3) dismissing the case when there were outstanding issues of fraud, child support, custody, and visitation.
A close review of the record reveals that the trial court granted only the wife’s motion to dismiss; it did not grant her motion for a summary judgment. Therefore, we do not address the issue whether the trial court erred by entering a summary judgment without a hearing.
The issue before us is whether the trial court erred in granting the wife’s motion to dismiss. The wife alleged the trial court had no subject-matter jurisdiction over her original complaint for divorce or over the husband’s counterclaim. This is partially true.
In her motion to dismiss, the wife averred that she had married the husband on August 12, 2000, in the State of Tennessee, and that the Etowah Circuit Court did not enter a judgment divorcing her from her former husband until December 20, 2000. A copy of that final judgment of divorce was included with the motion to dismiss.
We have long held that where a prior marriage has not been dissolved at the time one of the spouses of that marriage subsequently marries another, the second marriage is void. See Blackwood v. Kilpatrick, 52 Ala.App. 505, 294 So.2d 753 (Civ.App.1974); Lindsey v. Lindsey, 48 Ala.App. 495, 266 So.2d 298 (Civ.App.1972). “A woman can have but one lawful husband living, and so long as he is alive and the marriage bond remains in full force, all her subsequent marriages, whether meretricious or founded in mistake and at the time supposed to be lawful, are utterly null and void.” Dorsey v. Dorsey, 259 Ala. 220, 224, 66 So.2d 135, 139 (1953). The “second” or “subsequent” marriage here — the one that was the subject of the purported divorce proceeding— was void. In Callaway v. Callaway, 739 So.2d 1134 (Ala.Civ.App.1999), we held that the trial court erred by entering a judgment of divorce as to a void marriage. The granting of the wife’s motion to dismiss as to her complaint for divorce was not error by the trial court.
*905 The wife also asked that the trial court dismiss the husband’s counterclaim. As previously stated, the husband had filed a counterclaim to the original complaint for divorce asking the trial court to annul the parties’ marriage, seeking custody of their unborn child, and seeking the return of certain items of personal property. As stated above, annulment is the proper remedy for the dissolution of a void marriage. We have previously held that a trial court may properly annul a marriage on the ground that the marriage was void from the outset. Broadus v. Broadus, 361 So.2d 582 (Ala.Civ.App.1978). As noted above, we held in Callaway that a trial court, under virtually identical circumstances as presented here, erred by entering a judgment of divorce rather than one annulling the marriage. We therefore reverse the trial court’s judgment granting the wife’s motion to dismiss as to the husband’s counterclaim, and we remand the case for the court to enter an order consistent with this opinion.
The husband filed a petition for a writ of mandamus, raising the same issues as those raised in the direct appeal. Because those issues have been disposed of in this appeal, we dismiss the petition. See, generally, Deputy Sheriffs’ Ass’n v. Tuscaloosa Cty., 610 So.2d 1159 (Ala.1992).
2010042 — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
2010222 — PETITION DISMISSED.
THOMPSON and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result.
CRAWLEY, J., dissents.